## Lynn BURNELL

v.

## TOWN OF KINGFIELD, et al.

Supreme Judicial Court of Maine.

Argued Oct. 10, 1996.

Decided Dec. 20, 1996.

Curtis Webber (orally), Linnell, Choate & Webber, Auburn, for Plaintiff.

John J. Wall, III (orally), Thomas F. Monaghan, Monaghan, Leahy, Hochadel & Libby, Portland, for Defendants.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Lynn Burnell appeals from a summary judgment entered in the Superior Court (Franklin County, *Alexander, J.*) on her complaint against the Town of Kingfield for the breach of an employment contract. She contends that the court erred in granting the Town's motion for a summary judgment because there were genuine issues of material fact regarding the term of the agreement between Burnell and the Town, and whether the agreement fell within the statute of frauds. She also contends that the Town's Board of Selectmen wrongfully interfered with her contract. We affirm the summary judgment.

In the spring of 1990 Sandra Jean Orbeton, the Clerk for the Town of Kingfield, hired Lynn Burnell to work as an assistant in the Town Clerk's office. Orbeton wanted to hire an assistant because the Deputy Clerk, Lynnette Handrahan, had informed Orbeton that she was planning to retire in 1993. According to Burnell, Orbeton offered her 20.5 hours of work per week at $5 per hour for three years until Handrahan retired. Although Orbeton never stated that Burnell could take over Handrahan's position when Handrahan left, Burnell presumed that she would be appointed Deputy Clerk because they were training her for that job. Orbeton asserted in her deposition that she never told

Burnell that she would have work beyond one year because Orbeton knew that she might be voted out of the clerk's position at the next election, and if she was not reelected she could not retain Burnell as an assistant.

In the summer of 1993 Handrahan informed Orbeton that she was not going to retire. Burnell continued to work at the clerk's office for 20.5 hours a week until the spring of 1995 when the Board of Selectmen reduced her hours to ten per week. Burnell resigned shortly thereafter and filed a complaint against the Town and Orbeton seeking a permanent injunction requiring the Town to employ her for 20.5 hours per week until Handrahan decided to retire. She later moved to amend her complaint to include claims that the Board of Selectmen violated the Freedom of Access Law, 1 M.R.S.A. §§ 405–409, by failing to keep a record of the meeting when it reduced her hours, and violated her right to due process when it failed to provide her with a hearing before reducing her hours. The trial court denied Burnell's motion to amend and granted the Town's motion for a summary judgment. Burnell now appeals the summary judgment.

"In reviewing an appeal from the grant of a summary judgment, we view the evidence in a light most favorable to the party against whom the judgment was entered and review the trial court's decision for errors of law." *Gonzales v. Commissioner, Dept. of Public Safety*, 665 A.2d 681, 682 (Me.1995). We will affirm the summary judgment when the record supports the trial court's conclusion that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Id.; Simpson v. Central Maine Motors, Inc.*, 669 A.2d 1324, 1325–26 (Me.1996).

## I.

Burnell contends that Orbeton promised to provide Burnell with 20.5 hours of work per week until Handrahan retired and that Orbeton's promise created an employment contract for a definite term that was not terminable at will. She argues that the duration of the employment agreement was a genuine issue of fact that precluded the court from granting the Town's motion for a summary judgment.

If language of a contract is ambiguous, "its interpretation is a question of fact that must be determined by the factfinder." *Town of Lisbon v. Thayer Corp.*, 675 A.2d 514, 516 (Me.1996) (citation omitted). The interpretation of a contract's unambiguous language, however, is a question of law to be resolved by the court. *Top of the Track Assocs. v. Lewiston Raceways, Inc.*, 654 A.2d 1293, 1296 (Me.1995).

Viewing the evidence in a light most favorable to Burnell, Orbeton promised Burnell 20.5 hours per week until Handrahan retired. The only question is whether such a statement creates an employment contract for a definite term.

"It is well settled that a contract of employment for an indefinite length of time is terminable at will by either party." *Terrio v. Millinocket Community Hosp.*, 379 A.2d 135, 137 (Me.1977). In contrast, a contract that provides for a definite term of employment generally continues until the expiration of the term. *See id.; see also Buchanan v. Martin Marietta Corp.*, 494 A.2d 677, 679 (Me.1985) (employer's statement that employee would have continuous work from 1962 through his retirement date in 1991 created a contract for a definite term that employer breached by firing employee without good cause in 1978). The Town was entitled to a judgment as a matter of law because a promise to provide Burnell with 20.5 hours of work per week until Handrahan retired was not legally sufficient to create an employment contract for a definite term. In *Terrio* we concluded that an employee of a hospital presented sufficient evidence of an employment contract for a definite term when she introduced the hospital's personnel policy, a copy of its retirement plan setting the normal retirement age at 65, and oral statements by her supervisor that she would have her job "for the rest of (her) life." 379 A.2d at 137–38. Such evidence, taken together, supported the jury's interpretation that the hospital had promised the employee a job until "normal retirement age." *Id.* at 138.

 Unlike the circumstances present in *Terrio* the parties' agreement in the instant case did not provide that Burnell's employment would be terminable at a specific date or that she would be employed for a determinate, measurable period of time. Although Handrahan's retirement was likely to occur at some future time, the date was unknown. The duration of an employment contract is definite if it is for a fixed period of time capable of measurement. *See, e.g., Kristufek v. Saxonburg Ceramics, Inc.,* 901 F.Supp. 1018, 1025 (W.D.N.C.1994) (term of employment "until retirement" is quintessentially indefinite because not determinate, measurable, or tied to a certain date); *Engstrom v. John Nuveen & Co., Inc.,* 668 F.Supp. 953, 960 (E.D.Pa.1987) (employment until "voluntary retirement" did not create term of a specific and definite length of time and therefore was insufficient to overcome presumption of at-will status); *Orr v. Westminster Village North, Inc.,* 651 N.E.2d 795, 798 (Ind.Ct.App.1995) ("A contract for term employment is created when the parties agree that employment shall continue for a fixed or ascertainable period."); *R.J.N. Corp. v. Connelly Food Products, Inc.,* 175 Ill. App.3d 655, 125 Ill.Dec. 108, 529 N.E.2d 1184, 1187 (1988) (distributorship contract was indefinite and terminable at will when termination was set to occur upon unascertainable event); *but cf. H.L. Miller Mach. Tools, Inc. v. Acroloc Inc.,* 679 F.Supp. 823, 826 (C.D.Ill.1988) (parties can create contract for a definite term when it is terminable upon the happening of an event and that event is ascertainable within the four corners of the contract). In contrast to *Terrio* where the hospital's obligation to employ the plaintiff terminated when she reached 65, the parties here did not agree that Burnell would be employed for a determinate, measurable period of time and, thus, her position was terminable at will.

Moreover, the parties did not use Handrahan's retirement as the date on which Burnell's employment would end; rather, according to Burnell's deposition testimony, she understood that she was training to take over Handrahan's position and would continue working indefinitely after Handrahan retired. Construing the parties' agreement as one that would terminate upon Handrahan's retirement would be inconsistent with their stated intentions. *Baybutt Const. Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 919 (Me.1983) (paramount principle in construction of contracts is to give effect to intention of parties as gathered from the agreement's language and the circumstances pursuant to which it was made). The court could properly conclude as a matter of law that the parties' agreement was not an employment contract for a definite term and, therefore, did not err in granting a summary judgment for the Town.

Because Orbeton hired Burnell for an indefinite term and her employment was terminable at will, we need not address whether the agreement falls within the statute of frauds.

## II.

Burnell next contends that only the Town Clerk had the authority to reduce her hours and the Selectmen's decision to do so illegally interfered with her contract. Burnell's original complaint did not allege any wrongdoing by the Board of Selectmen; she simply asserted that the Town had breached her contract when it reduced her hours before Handrahan retired. After the Town moved for a summary judgment, Burnell sought to amend her complaint to include allegations that the Selectmen violated the Freedom of Access Act, 1 M.R.S.A. §§ 405–409 (1989), and her due process rights. The court denied her motion to amend at the same time it granted the Town's motion for a summary judgment. Burnell on appeal does not question the propriety of the trial court's denial of her motion to amend. She does assert, however, a theory based on wrongful conduct by the Selectmen that was not included in either her original complaint or her proposed amended complaint. Because Burnell never presented this "wrongful interference" theory to the trial court, we will not determine on appeal whether there was sufficient evidence to withstand a motion for a summary judgment on such a ground. *See Teel v. Colson,* 396 A.2d 529, 534 (Me.1979) (party cannot shift ground on appeal and create new theories

after being unsuccessful on a theory presented to the trial court).

The entry is:

Judgment affirmed.

All concurring.