STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    Civil Action
                                                  Docket No. CV-04-430


ARNOLD HOFFMAN,
        Plaintiff

        v.                                        DECISION AND ORDER

APPLICATORS SALES AND SERVICE, INC.,
PARADIGM WINDOW SOLUTIONS,
ANDREW SEVIER, and
RICHARD ROBINOV,                                  DONALD L. GARBRECHT
                                                  LAW LIBRARY

        Defendants                                DEC 08 2006


## I. BEFORE THE COURT

Defendants' Motion for Summary Judgment on Count II (Defamation) and Count III (Breach of Agreement), plaintiff's Motion to Bifurcate and for Attorney's Fees, and plaintiff's Motion to Supplement the Summary Judgment Record.


## II. BACKGROUND AND PROCEDURAL HISTORY

This case arose after the plaintiff, Arnold Hoffman's, employment was terminated by his employer Paradigm Window Solutions.[1] On July 2, 2004, Hoffman, filed a three-count complaint in this court alleging age discrimination, defamation and breach of agreement. The defendants, Applicators Sales and Service, Inc. (Applicators), Andrew Sevier and Richard Robinov, filed an answer and a motion July 22, 2004 removing the case to the United States District Court for the District of Maine. After an amended answer was filed the District Court issued a scheduling order, discovery took place with a closing date of December 27, 2004.

---

[1] Paradigm Window Solutions is a wholly owned subsidiary of Applicators Sales and Services.

On December 12, 2004, the defendants moved to strike the plaintiff's designation of an expert witness on grounds that the plaintiff exceeded the time limit for expert designation set in the scheduling order. The defendants then moved for summary judgment on all three counts. The court struck the plaintiff's designation of an expert witness on February 22, 2005. On March 9, 2005, the court granted summary judgment on Count I (Age Discrimination) and ordered the case remanded back to this court for determination of the remaining motions on Counts II and III.

The plaintiff appealed the judgment on Count I to the United States Court of Appeals for the First Circuit which affirmed the District Court's judgment on March 27, 2006.

The defendants filed a motion to bifurcate issues on the petition for attorney's fees. The court did not entertain the plaintiff's response to the defendant's motion because it failed to comply with M.R. Civ. P. 89(b). The plaintiff's filed a response on September 6, 2006. On September 11, 2006, the plaintiff filed a motion to supplement the summary judgment record. The defendants objected to the plaintiff's motion to supplement the summary judgment record.

## III. DISCUSSION

### A. Motion for Summary Judgment

This court will grant a motion for summary judgment when no genuine issue of material fact exists and any party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). "A material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84 ¶ 6, 750 A.2d 573, 575. "A genuine issue exists when sufficient evidence requires a fact finder to choose between competing versions of the truth at

trial." *MP Assocs. v. Liberty*, 2001 ME 22, ¶ 12, 771 A.2d 1040, 1044. Rule 56 requires parties "to come forward with affidavits or other materials setting forth by competent proof specific facts that would be admissible in evidence to show . . . that a genuine issue of fact exists." *Bangor & Aroostook R.R. Co. v. Daigle*, 607 A.2d 533, 535-36 (Me. 1992).

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ P. 56(h)(4). "All facts not properly controverted in accordance with this rule are deemed admitted." *Rogers v. Jackson*, 2002 ME 140 ¶ 7, 840 A.2d 379, 380-81 (citing M.R. Civ. P. 56(h)(4)). Summary judgment is properly granted to a party when the non-moving party has the burden of proof on an issue at trial and the moving party "would be entitled to a judgment as a matter of law at trial if the [non-moving party] presented nothing more than was before the court at the hearing on the motion for a summary judgment." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. Finally, the court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

### 1. Incomplete Discovery

Where the non-moving party requires more time to develop evidence it must file some opposition with a request for more time supported by an appropriate affidavit. *Selby v. Cumberland Co.*, 2002 ME 80 ¶ 12 n.11, 796 A.2d 678. Here, no affidavit supports the plaintiff's contention that more time is needed for discovery, as pointed out in the District Court's order of March 10, 2005. There, the court determined this case was ripe for summary judgment and specifically noted that the discovery deadline was December 27, 2004. The defendant conceded that as of February 8, 2005, "the bulk of

3

discovery . . . has been completed." Pl.'s Objection to Mot. for Summ. J. at 3. The plaintiff has failed to provide any evidence that summary judgment is premature at this time.

### 2. Count II, Defamation

The elements of defamation are:

> (a) a false and defamatory statement concerning another;
> (b) an unprivileged publication to a third party;
> (c) fault amounting at least to negligence on the part of the publisher; and
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Rice v. Alley*, 2002 ME 43, ¶ 19, 791 A.2d 932, 936 (citation omitted).

An individual is not liable for defamation if publication occurs under circumstances that make it conditionally privileged and the privilege is not abused. *Id.* at ¶ 21. "A conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered speech." *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991). "Any situation in which an important interest of the recipient will be furthered by frank communication may give rise to a conditional privilege." *Id.* at 70.

"Although we have not had occasion to speak directly on this employment-related privilege, we have recognized its existence indirectly in reviewing trial courts' jury instructions." *Gautschi v. Maisel*, 565 A.2d 1009 (Me. 1989)(the Law Court recognized as conditionally privileged statements made by a defendant during an employment review of the plaintiff that the plaintiff claimed resulted in his termination). Whether Hoffman "is entitled to the common law privilege is a question of law." *Cole v. Chandler*, 2000 ME 104, ¶ 6, 752 A.2d 1189, 1193. A corporation "was entitled to a conditional privilege in this case against a claim of slander brought by one of its employees arising

4

out of the termination of his employment relationship with" the corporation. *Id.* at 6, 1193-94 (employee sued employer for defamation, and other claims, after he was terminated for sexual harassment because he would be forced to give the reason for his termination when searching for other employment and claimed the charge of sexual harassment was slanderous). The privilege is abused when the statement is made "outside normal channels or with malicious intent. . . . malice means when the originator of the statement knows her statement to be false, recklessly disregards its truth or falsity, or acts with spite or ill will." *Id.* at ¶ 23.

Here, the plaintiff claims defamation arising from statements made on a termination form with the reason for termination described as "unsatisfactory job performance." DSMF ¶ 89. Although the plaintiff denies the facts set forth in this paragraph, he has failed to properly controvert the defendant's facts with admissible evidence in his response, therefore, the facts are deemed admitted. Assuming arguendo that the speech could be characterized as defamatory, the only statement allegedly made by the defendants for which the plaintiff has provided evidence is the use of the word "unsatisfactory" in reference to the plaintiff's job performance in the plaintiff's termination paperwork.[2] *Id.* The Law Court has recognized as privileged statements made in the context of an employee's termination, including the basis for that termination.

Unless the privilege was abused, the defendants' statements do not provide the basis for plaintiff's claim. Writing the reason for termination on termination paperwork is within normal channels. The plaintiff relies on Hoffman's affidavit to prove that his performance was satisfactory. Hoffman states the belief that his performance was

---

[2] Privilege aside, the plaintiff has not presented sufficient evidence to prevail on any element of his defamation claim.

satisfactory and invites the court to determine that his performance was such. Looking at the facts in the light most favorable to the plaintiff, and viewing his performance as satisfactory, there is no evidence that the defendants believed that Hoffman's performance was satisfactory or that the use of the term "unsatisfactory" was spiteful or made with ill will. In fact, the record indicates Hoffman's annual review contained criticisms of his performance and his pay review was postponed for ninety days, indications that Hoffman's employer was not satisfied with his performance. DSMF ¶¶ 52, 68. In this case, the defendants are shielded from any potential liability for their statement because those statements were privileged and the privilege was not abused.

### 3. Count III, Breach of Agreement

"It has long been the rule that a contract of employment for an indefinite length of time is terminable at the will of either party." *Larrabee v. Penobscot Frozen Foods*, 468 A.2d 97, 99 (Me. 1984). When there is no agreement that an employee "would be employed for a determinate, measurable period of time . . . her position was terminable at will." *Burnell v. Town of Kingfield*, 686 A.2d 1072, 1074 (Me. 1996). The Law Court has held "that parties may enter into an employment contract terminable only pursuant to its express terms . . . by clearly stating their intention to do so." *Larrabee*, 468 A.2d at 99-100. "A contract that provides for a definite term of employment generally continues until the expiration of the term." *Burnell*, 686 A.2d at 1073.

Here, Hoffman contends that an agreement arose as part of his annual performance review on May 22-23, 2003. SSMF ¶ 48. At that review, Hoffman received a written "performance review follow up" and oral statements by Sevier stating that on August 29, 2003, there would be another review and a pay increase would be assessed at that time. DSMF ¶¶ 52 – 53, 58. Plaintiff points to the following language as the defendant's commitment to continue employing Hoffman: "You have been given Goals

for your next review, which is, scheduled for 29 AUG 03. If these goals have been accomplished and your performance exhibits improvement, your compensation will be reconsidered." P. Obj. to Mot. for S. J. at 18. Hoffman has presented no evidence and never alleged that his employment was for a fixed term, therefore, he was an employee at-will. In the absence of the parties manifesting clear intent that Hoffman would be employed for a specific term, he remained an at-will employee regardless of the fact that he was periodically reviewed. The language of the "performance review follow up" contains no manifestation of an intent by the defendants to enter an agreement that Hoffman would continue to be employed through August 29, 2003. The plaintiff's position would turn every employee with a definite employment review date into a term employee without the required clear intent by both parties to enter such an agreement. Hoffman has not alleged or demonstrated that he ever was employed for a specified term and therefore he was an at-will employee who could be discharged at the will of his employer.

### B. Motion to Bifurcate Issues on Petition for Attorney's Fees

The defendants' claim they are entitled to attorney fees under the Maine Human Rights Act ("MHRA") and the Age Discrimination in Employment Act ("ADEA"). The defendants' motioned this court to bifurcate the issues of liability and the actual award and then submitted a memorandum of law on the merits of the petition for attorney fees, omitting reference to the amount of the award the defendants seek. The defendants contend that preparing an accounting of fees incurred will be expensive and require greater effort so that the "mental impressions of the defendant's counsel are not inadvertently revealed in the context of ongoing litigation." Ds.' Mot. to Bif. Issues ¶ 4. The plaintiffs oppose the defendants' motion, but offer no reason other than their belief the defendants lack valid grounds to bifurcate.

M.R. Civ. P. 54(b)(3) states:

> When final judgment has been entered on all claims except a claim for attorney fees, an application for the award of attorney fees shall be filed within 60 days after entry of judgment if no appeal has been filed. If an appeal has been filed, the application may be filed and acted upon in the trial court at any time after entry of the judgment appealed from and in any case shall be filed not later than 30 days after final disposition of the action. *An application for attorney fees shall ordinarily be acted upon by the justice or judge who rendered the judgment on the merits.* (emphasis added)

It is within the court's discretion to grant the motion to bifurcate; however, in light of this court's decision to grant defendants' Motion for Summary judgment, the Motion to Bifurcate is moot and a ruling is not required.

### C. Motion for Attorney's Fees

The motion for attorney fees prior to judgment is premature under usual Maine practice because judgment has not been entered on all claims; however, it does put the plaintiff on clear notice that the fees are sought. *See*, M.R. Civ. P. 54 (b)(2).

Furthermore, M.R. Civ. P. 54(b)(3) states: "An application for attorney fees shall ordinarily be acted upon by the justice or judge who rendered the judgment on the merits." The claim for attorney fees is based on the statute that provided the grounds for Count I. That claim was heard and ruled on in the federal court. According to the rule, the federal court should be he forum to act on the application for attorney fees because that court granted summary judgment on Count I and is in a superior position to rule on the merits of such a claim.[3]

---

[3] The defendants' claim for attorney's fees is based in the Maine Human Rights Act, 5 M.R.S.A. § 4614, and the Age Discrimination in Employment Act, 29 U.S.C. § 626(b). From a cursory review it appears that the defendants must demonstrate that the plaintiff has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Alyeska Pipeline Serv. Cp. V. Wilderness Soc.*, 421 U.S. 240, 259-260 (the language of the Maine Human Rights Act tracks federal law, see *Me. Human Rights Comm'n v. Allen*, 474 A.2d 853, 857 (Me. 1984)). This court finally decided only the defamation and breach of agreement claims, which under he traditional *American Rule* does not provide for an award of attorney's fees. The defendant's claim for attorney's fees may be meritorious, but the District Court that ruled on the merits the discrimination claims is in a superior position to characterize the parties' actions, particularly with the bad faith requirement, if an award of fees is found to be appropriate.

8

### D. Motion to Supplement the Summary Judgment Record

The plaintiff claims to have recently obtained two affidavits that support his contention that he was defamed and his reputation sullied. Modification of a scheduling order requires a showing of good cause. M.R. Civ. P. 16(a). The plaintiff fails to provide a reason why these affidavits could not have been obtained in time for the discovery deadline of December 27, 2004 since they concern events and conversations that are alleged to have taken place in the summer of 2003.

### IV. DECISION AND ORDER

The clerk will make the following entries as the Decision and Order of the court:

A. Plaintiff's Motion to Supplement the Summary Judgment Record is denied.

B. Defendants' Motion for Summary Judgment on Counts II and III is granted.

C. Defendants' Motion to Bifurcate is moot and no Order is required.

D. Judgment is entered for all defendants on Counts II and III.

E. Defendants are entitled to costs as allowed by rule and statute.

F. This case is returned to the United States District Court for the District of Maine for a determination of whether an award of attorney's fees under Count I is appropriate and, if so, for a determination of the amount of fees..

SO ORDERED.

Dated: October 16, 2006

Thomas E. Delahanty II
Justice, Superior Court

9

ARNOLD HOFFMAN  - PLAINTIFF

Attorney for: ARNOLD HOFFMAN
SUMNER LIPMAN  - WITHDRAWN 08/15/2006
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

Attorney for: ARNOLD HOFFMAN
TRACIE L ADAMSON  - WITHDRAWN 08/15/2006
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

Attorney for: ARNOLD HOFFMAN
BRENDAN RIELLY  - RETAINED 05/12/2006
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112


vs
APPLICATORS SALES AND SERVICE, INC. - DEFENDANT
,
Attorney for: APPLICATORS SALES AND SERVICE, INC.
KATE DEBEVOISE  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: APPLICATORS SALES AND SERVICE, INC.
LOUIS BUTTERFIELD  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

PARADIGM WINDOW SOLUTIONS - DEFENDANT
,
Attorney for: PARADIGM WINDOW SOLUTIONS
KATE DEBEVOISE  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2004-00430


**DOCKET RECORD**

Attorney for: PARADIGM WINDOW SOLUTIONS
LOUIS BUTTERFIELD  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


ANDREW SEVIER  - DEFENDANT

'
Attorney for: ANDREW SEVIER
KATE DEBEVOISE  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: ANDREW SEVIER
LOUIS BUTTERFIELD  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


RICHARD ROBINOV  - DEFENDANT

'
Attorney for: RICHARD ROBINOV
KATE DEBEVOISE  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: RICHARD ROBINOV
LOUIS BUTTERFIELD  - RETAINED 04/05/2006
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 07/02/2004

## Docket Events:

07/02/2004 FILING DOCUMENT - COMPLAINT FILED ON 07/02/2004
           WITH DEMAND FOR JURY TRIAL.  NO FEE YET PAID.  DB

07/02/2004 Party(s):  ARNOLD HOFFMAN
           ATTORNEY - RETAINED ENTERED ON 07/02/2004
           Plaintiff's Attorney: SUMNER LIPMAN

07/02/2004 Party(s):  ARNOLD HOFFMAN
           ATTORNEY - RETAINED ENTERED ON 07/02/2004
           Plaintiff's Attorney: TRACIE L ADAMSON

07/14/2004 Party(s): ARNOLD HOFFMAN
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/14/2004

07/14/2004 Party(s): ARNOLD HOFFMAN
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/02/2004
UPON APPLICATORS SALES & SERVICE INC. TO LEONARD NELSON ESQ.,   (LLS)

07/14/2004 Party(s): ARNOLD HOFFMAN
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/14/2004

07/14/2004 Party(s): ARNOLD HOFFMAN
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/07/2004
UPON ADNREW SEVIER TO MARIA SEVIER HIS WIFE.   (LLS)

07/14/2004 Party(s): ARNOLD HOFFMAN
SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/14/2004

07/14/2004 Party(s): ARNOLD HOFFMAN
SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 07/07/2004
UPON RICHARD ROBINOV TO RACHAEL ROBINOV HIS WIFE.   (LLS)

07/22/2004 FINDING - REMOVAL TO FEDERAL COURT ENTERED ON 07/22/2004
BY DEFENDANT (GA)

04/06/2006 NOTE - OTHER CASE NOTE ENTERED ON 04/05/2006
COMPLETE FILED RETURNED FROM THE US DISTRICT COURT ON THIS DATE (GM)

04/06/2006 Party(s): APPLICATORS SALES AND SERVICE, INC.
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: KATE DEBEVOISE

Party(s): PARADIGM WINDOW SOLUTIONS
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: KATE DEBEVOISE

04/06/2006 Party(s): ANDREW SEVIER
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: KATE DEBEVOISE

Party(s): RICHARD ROBINOV
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: KATE DEBEVOISE

04/06/2006 Party(s): APPLICATORS SALES AND SERVICE, INC.
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: LOUIS BUTTERFIELD

Party(s): PARADIGM WINDOW SOLUTIONS
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: LOUIS BUTTERFIELD

04/06/2006 Party(s): ANDREW SEVIER

ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: LOUIS BUTTERFIELD

Party(s): RICHARD ROBINOV
ATTORNEY - RETAINED ENTERED ON 04/05/2006
Defendant's Attorney: LOUIS BUTTERFIELD

04/06/2006 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 04/06/2006
THOMAS E DELAHANTY II, JUSTICE

04/19/2006 Party(s): ARNOLD HOFFMAN
OTHER FILING - OPPOSING MEMORANDUM FILED ON 04/11/2006
OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE AND FOR
ATTORNEY'S FEES WITH ATTACHMENTS. AD

04/19/2006 Party(s): APPLICATORS SALES AND SERVICE, INC.,PARADIGM WINDOW SOLUTIONS,ANDREW SEVIER,RICHARD
ROBINOV
OTHER FILING - REPLY MEMORANDUM FILED ON 04/19/2006
OF DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE AND FOR ATTORNEY'S FEES.
AD

04/26/2006 Party(s): ARNOLD HOFFMAN
LETTER - FROM PARTY FILED ON 04/25/2006
FROM DAVID HOFFMAN, ESQ. STATING THIS OFFICE REPRESENTS PLAINTIFF IN THIS MATTER IN WHICH
THE COMPLAINT BEFORE THIS COURT WAS FILED BY LIPMAN, KATZ & MCKEE, PA. 227 WATER STREET,
AUGUSTA, ME 04332 AS MAINE COUNSEL ON OR ABOUT JUNE 28, 2004. WITHIN THE REQUISITE TIME TO
DO SO , AND BEFORE THE UNDERSIGNED COULD MOVE FOR ADMISSION PRO HAC VICE; THE MATTER WAS
REMOVED BY DEFES' COUNSEL TO THE MAINE FEDERAL DISTRICT COURT ON FEDERAL QUESTION GROUNDS,
WHERE THE MATTER WAS LITIGATED THRU AN APPEAL.AD

05/09/2006 ORDER - COURT ORDER ENTERED ON 05/05/2006
THOMAS E DELAHANTY II, JUSTICE
THIS CASE HAS BEEN REMANDED TO THIS COURT BY ORDER OF THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MAINE FOR DECISION ON THREE ISSUES: DEFENDANT'S MOTION TO BIFURCATE;
DEFENDANT'S MOTION FOR ATTORNEY'S FEES; MOTION TO WITHDRAW BY COUNSEL FOR PLAINTIFF.
PLAINTIFF, THROUGH OUT-OF-STATE COUNSEL, HAS RESPONDED TO TH PENDING MOTIONS AND THE
REMAND ORDER BY LETTER DATED APRIL 23, 2006; HOWEVER, THE COURT DOES NOT REGARD COUNSEL'S
REPLY TO THE MOTIONS TO BE A VALID PLEADING PURSUANT TO THE  MAINE RULES OF CIVIL
PROCEDURE. COUNSEL FOR PLAINTIFF IS NOT ADMITTED TO PRACTICE IN MAINE. ANY FILINGS OR
PLEADINGS MUST STRICTLY COMPLY WITH M.R.CIV.P.89(B) . THE COURT WILL CONSIDER DEFENDANT'S
MOTIONS TO BIFURCATE AND FOR ATTORNEY;S FEES PENDING AS OF THE DATE OF THIS ORDER AND AN
APPROPRIATE REPLY SHALL BE FILED BY PLAINTIFF WITHIN 21 DAYS OF THE DATE OF THIS ORDER.
M.R.CIV.P.7(C)(2). THE MOTION TO WITHDRAW BY LOCAL COUNSEL WAS FILED IN THE USDC PRIOR
RECEIPT OF TH E CASE ON REMAND. THE MOTION IS BASED ON THE PREMISE THAT IN THE DISTRICT
COURT PLAINTIFF "DOES NOT NEED LOCAL COUNSEL."THE CASE IS NOW PENDING IN THIS COURT WHERE
IT WAS ORIGINALLY FILED. THE PRESENCE OF LOCAL COUNSEL IS REQUIRED. 4 M.R.S.A. @807,
M.R.CIV.P.11(A). COUNSEL MAY WITHDRAW SUBJECT TO THE PREREQUISITES OF M.R.CIV.P. 89(A).
PLAINTIFF'S PRESENT COUNSEL OF RECORD IS SOLE COUNSEL FOR PLAINTIFF AND MOTIONS ARE
PRESENTLY PENDING. THE MOTION TO WITHDRAW IS DENIED  WIHTOUT PREJUDICE. THE CLERK SHALL
INCORPORATE THIS ORDER INTO THE DOCKET BY REFERENCE. M.R.CIV.P.79(A). SO ORDERED. ON 05-
09-06 COPIES MAILED TO SUMNER LIP- MAN, ESQ., LOUIS BUTTERFIELD AND KATE DEBEVOISE, ESQS.
AD

05/11/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED ON 05/11/2006
OF TRACIE ADAMSON AND SUMNER LIPMAN, ESQ. AS COUNSEL FOR ARNOLD HOFFMAN. AD

05/12/2006 Party(s): ARNOLD HOFFMAN
OTHER FILING - ENTRY OF APPEARANCE FILED ON 05/12/2006
OF BRENDAN P. REILLY, ESQ. ON BEHALF OF PLAINTIFF ARNOLD HOFFMAN. (DY)

05/12/2006 Party(s): ARNOLD HOFFMAN
ATTORNEY - RETAINED ENTERED ON 05/12/2006
Plaintiff's Attorney: BRENDAN RIELLY

05/16/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION FOR WITHDRAWAL OF CNSL DENIED ON 05/12/2006
THOMAS E DELAHANTY II, JUSTICE
COPIES TO PARTIES/COUNSEL; PLEASE SEE ORDER OF MAY 5TH, 2006. AD

05/19/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 05/17/2006
THOMAS E DELAHANTY II, JUSTICE
COPIES TO PARTIES/COUNSEL- MOTION GRANTED; NEW (MAINE) COUNSEL HAS ENTEREED AN APPEARANCE
AS OF MAY 12, 2006. AD

08/14/2006 Party(s): APPLICATORS SALES AND SERVICE, INC.,PARADIGM WINDOW SOLUTIONS,ANDREW SEVIER,RICHARD
ROBINOV
OTHER FILING - REQUEST FOR HEARING FILED ON 08/14/2006
OF DEFENDANTS FOR HEARING ON MOTION FOR SUMMARY JUDGMENT (DC)

08/15/2006 Party(s): ARNOLD HOFFMAN
ATTORNEY - WITHDRAWN ORDERED ON 08/15/2006
Plaintiff's Attorney: SUMNER LIPMAN

08/15/2006 Party(s): ARNOLD HOFFMAN
ATTORNEY - WITHDRAWN ORDERED ON 08/15/2006
Plaintiff's Attorney: TRACIE L ADAMSON

08/29/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 08/28/2006
OF PLAINTIFF, ARNOLD HOFFMAN MOTION FOR EXTENSION OF TIME WITH INCORPORATED MEMORANDUM OF
LAW. AD

08/29/2006 Party(s): ARNOLD HOFFMAN
LETTER - FROM PARTY FILED ON 08/28/2006
FROM LOUIS BUTTERFIELD, ESQ. STATING THE PLAINTIFF HAS WAIVED ALL OBJECTIONS TO THE
MOTIONS BY OPERATION OF M.R.CIV.P.7(C)(3). AD

08/30/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/30/2006
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT PLAINTIFF SHALL FILE HIS RESPONSES TO DEFENDANTS' MOTION TO
BIFURCATE AND MOTION FOR ATTORNEYS FEES WITHIN SEVEN DAYS OF TH E DATE OF THIS ORDER.
(SEPTEMBER 7, 2006)NOTWITHSTANDING M.R.CIV.P.6(A). ON 08-30-06 COPIES MAILED TO BRENDAN
RIELLY, ESQ. LOUIS BUTTERFIELD, ESQ. AD

09/01/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 08/31/2006
OF PLAINTIFF'S MOTION AND INCORPORATEED MEMORANDUM OF LAW FOR ORDER AUTHORIZING DAVID M.
HOFFMAN, ESQ. TO APPEAR PRO HAC VICE. AD.

09/05/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 09/05/2006
THOMAS E DELAHANTY II, JUSTICE
IT IS HEREBY ORDERED THAT DAVID M. HOFFMAN BE ADMITTED PRO HAC VICE IN THIS CAPTIONED
CASE. SUBJECT TO M.R.CIV.P.89(B). ON 09-05-06 COPIES MAILED TO BRENDAN RIELLY, ESQ. AND
LOUIS BUTTERFIELD, ESQ. AD

09/07/2006 Party(s): ARNOLD HOFFMAN
OTHER FILING - REPLY MEMORANDUM FILED ON 09/06/2006
OF PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO BIFURCATE AND FOR
ATTORNEY'S FEES. WITH EXHIBITS A AND B. AD

09/07/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION TO CONTINUE FILED ON 09/05/2006
OF PLAINTIFF, ARNOLD HOFFMAN MOTION FOR CONTINUANCE WITH INCORPORATED MEMORANDUM OF LAW.
AD

09/07/2006 Party(s): ARNOLD HOFFMAN
LETTER - FROM PARTY FILED ON 09/05/2006
FROM BRENDAN RIELLY, ESQ. NOTIFYING THE COURT THAT DEFENDANTS DO NOT OBJECT TO PLAINTIFF'S
MOTION TO ADMIT DAVID HOFFMAN, ESQ. AD

09/11/2006 Party(s): ARNOLD HOFFMAN
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/11/2006
PLAINTIFF'S SUPLLEMENTAL RESPONSE TO DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
SERVED ON LOUIS BUTTERFIELD ESQ ON 9-8-06  (DC)

09/12/2006 Party(s): ARNOLD HOFFMAN
MOTION - OTHER MOTION FILED ON 09/11/2006
THOMAS E DELAHANTY II, JUSTICE
Defendant's Attorney: LOUIS BUTTERFIELD
Plaintiff's Attorney:  BRENDAN RIELLY
OF PLAINTIFF, ARNOLD HOFFMAN'S MOTION TO SUPPLEMENT SUMMARY JUDGMENT RECORD WITH
INCORPORATED MEMORANDUM OF LAW; AFFIDAVIT OF MARTIN BAILEY AND ARTHUR LIBBY. AD
                                                DEFENDANTS, MOTION TO BIFURCATE AND
FOR ATTORNEY'S FEES.                 DEFENDANTS, APPLICATOR SALES AND SERVICE, INC.
D/B/A PARADIGM WINDOW SOLUTIONS RICHARD ROBINOV AND ANDREW SEVIER MOTION FOR SUMMARY
JUDGMENT ON COUNTS II AND III. COURT TAKES MATTER U/A NO RECORD MADE

09/15/2006 Party(s): ARNOLD HOFFMAN
MOTION - MOTION TO CONTINUE GRANTED ON 09/13/2006
THOMAS E DELAHANTY II, JUSTICE
AT THE DIRECTION OF THE COURT, THIS ORDER SHALL BE INCORPORATED INTO THE DOCKET BY
REFERENCE. RULE 79(A). ON 09-15-06 COPIES MAILED TO BRENDAN, RIELLY, ESQ. AND LOUIS
BUTTERFIELD, ESQ. AD

09/20/2006 Party(s): APPLICATORS SALES AND SERVICE, INC.,PARADIGM WINDOW SOLUTIONS,ANDREW SEVIER,RICHARD

APPLICATORS SALES AND SERVICE, INC.,PARADIGM WINDOW SOLUTIONS,ANDREW SEVIER,RICHARD ROBINOV
OTHER FILING - REPLY MEMORANDUM FILED ON 09/19/2006
OF DEFENDANTS REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BIFURCATE AND FOR ATTORNEY'S
FEES.  (DY)


09/26/2006 Party(s):  APPLICATORS SALES AND SERVICE, INC.,PARADIGM WINDOW SOLUTIONS,ANDREW SEVIER,RICHARD
                      ROBINOV
           OTHER FILING - OPPOSING MEMORANDUM FILED ON 09/26/2006
           OF DEFENDANTS TO PLAINTIFF'S MOTION TO SUPPLEMENT SUMMARY JUDGMENT RECORD.  (DY)


10/03/2006 Party(s):  ARNOLD HOFFMAN
           OTHER FILING - REPLY MEMORANDUM FILED ON 10/03/2006
           OF PLAINTIFF REGARDING HIS MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD WITH EXHIBIT
           A.  (DY)


10/12/2006 HEARING - OTHER MOTION HELD ON 10/10/2006
           THOMAS E DELAHANTY II, JUSTICE
           Defendant's Attorney: LOUIS BUTTERFIELD
           Plaintiff's Attorney:  BRENDAN RIELLY
           DEFENDANTS, MOTION TO BIFURCATE AND FOR ATTORNEY'S FEES.                DEFENDANTS,
           APPLICATORS SALES AND SERVICE, INC. D/B/A PARADIGM WINDOW SOLUTIONS RICHARD ROBINOV AND
           ANDREW SEVIER MOTION FOR SUMMARY JUDGMENT ON COUNTS II & III. AD


10/18/2006 Party(s):  ARNOLD HOFFMAN
           MOTION - OTHER MOTION OTHER DECISION ON 10/16/2006
           OF PLAINTIFF, ARNOLD HOFFMAN'S MOTION TO SUPPLEMENT SUMMARY JUDGMENT RECORD WITH
           INCORPORATED MEMORANDUM OF LAW; AFFIDAVIT OF MARTIN BAILEY AND ARTHUR LIBBY.
                       "PLEASE SEE ORDER OF OCTOBER 16, 2006" DEFENDANTS, MOTION TO BIFURCATE AND
           FOR ATTORNEY'S FEES.                DEFENDANTS, APPLICATOR SALES AND SERVICE, INC.
           D/B/A PARADIGM WINDOW SOLUTIONS RICHARD ROBINOV AND ANDREW SEVIER MOTION FOR SUMMARY
           JUDGMENT ON COUNTS II AND III. COURT TAKES MATTER U/A NO RECORD MADE


10/18/2006 FINDING - JUDGMENT DETERMINATION ENTERED ON 10/16/2006
           THOMAS E DELAHANTY II, JUSTICE
           THE CLERK WILL MAKE THE FOLLOWING ENTRIES AS THE DECISION AND ORDER OF THE COURT: A.
           PLAINTIFF'S MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD IS DENIED. B. DEFENDANTS'
           MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND III IS GRANTED. C. DEFENDANTS' MOTION TO
           BIFURCATE IS MOOT AND NO ORDER IS REQUIRED. D. JUDGMENT IS ENTERED FOR ALL DEFENDANTS ON
           COUNTS II AND III. E. DEFENDANTS ARE ENTITLED TO COSTS AS ALLOWED BY RULLE AND STATUTE. F.
           THIS CASE IS RETURNED TO THE UNITED STATES DISTRICT COURT FOR

           ORDER - SUMMARY JUDGMENT ENTERED ON 10/16/2006
           THOMAS E DELAHANTY II, JUSTICE
           THE CLERK WILL MAKE THE FOLLOWING ENTRIES AS THE DECISION AND ORDER OF THE COURT: A.
           PLAINTIFF'S MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD IS DENIED. B. DEFENDANTS'
           MOTION FOR SUMMARY JUDGMENT ON COUNTS II AND III IS GRANTED. C. DEFENDANTS' MOTION TO
           BIFURCATE IS MOOT AND NO ORDER IS REQUIRED. D. JUDGMENT IS ENTERED FOR ALL DEFENDANTS ON
           COUNTS II AND III. E. DEFENDANTS ARE ENTITLED TO COSTS AS ALLOWED BY RULE AND STATUTE. F.
           THIS CASE IS  RETURNED TO THE UNITED STATES DISTRICT COURT FOR  THE DISTRICT OF MAINE FOR
           A DETERMINATION OF WHETHER AN AWARD OF ATTORNEY'S FEES UNDER COUNT I IS APPROPRIATE AND,
           IF SO, FOR A DETERMINATION OF THE AMOUNT OF FEES. SO ORDERED. ON 10-18-06 COPIES MAILED TO
           BRENDAN RIELLY, ESQ. AND LOUIS BUTTERFIELD, ESQ.; MS. DEBORAH FIRESTONE, GOSS MIMEOGRAPH,
           THE DONALD GARBRECHT LAW LIBRARY; LOISLAW.COM, INC. AD

A TRUE COPY
ATTEST: _____
Sally A Bangit
Clerk