1998 ME 265

## GAGNON'S HARDWARE & FURNITURE, INC.

v.

## Scott MICHAUD, et al.

## FIRST CITIZENS BANK

v.

## Scott MICHAUD, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1998.

Decided Dec. 14, 1998.

Curtis E. Kimball, Rudman & Winchell, Bangor, Philip P. Parent, Van Buren, for the Appellant.

Richard L. Currier, Currier & Trask, Presque Isle, (for First Citizen's Bank), for the Appellees.

Mark L. Walker, Maine Bankers Association, Augusta, for Amicus Curiae.

Before WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] In this consolidated appeal,[1] Gagnon's Hardware & Furniture, Inc. ("Gagnon's") appeals from the summary judgments entered in the Superior Court (Aroostook County, *Pierson, J.*) in favor of First Citizens Bank ("First Citizens"). Gagnon's argues that the court erred in giving First Citizens' mortgage priority over Gagnon's mechanics' lien. Finding no error, we affirm.

[¶ 2] The facts, viewed in the light most favorable to Gagnon's, may be summarized as follows: In October, 1995, Scott Michaud requested a loan from First Citizens Bank to purchase certain real estate for business purposes. Michaud met with Peter Hallowell, a commercial banking officer at First Citizens, in connection with the loan request and discussed, among other matters, Michaud's plans to create two apartments upstairs and

---

1. This is a consolidated appeal of two actions. The first action (RE–97–019) is a mechanics' lien action filed by *Gagnon's Hardware & Furniture, Inc.,* against Scott Michaud and First Citizens Bank on Michaud's property. The second action (RE–97–022) is a foreclosure action on the property filed by First Citizens Bank against Scott Michaud as defendant and Gagnon's Hardware & Furniture, Inc. and the Town of Van Buren as parties-in-interest. Default was entered against defendant Scott Michaud. The Town of Van Buren held a priority lien and is not joined in this appeal.

a laundromat on the ground floor. First Citizens encouraged the conversion in order to generate a sufficient stream of income for Michaud to be able to make his mortgage payments. The loan closed on November 15, 1995, and Michaud executed a note and mortgage to First Citizens Bank. At that time, Hallowell knew of the planned renovations to the property.

[¶ 3] Between November 17, 1995, and February 6, 1997, Michaud purchased materials and supplies from Gagnon's for the renovations to the property in question. First Citizens did not enter into any agreement with Gagnon's for the furnishing of materials to Michaud. Further, First Citizens did not survey, view, or visit the premises to assess the progress or nature of any renovations, improvements or alterations and did not agree, in writing or otherwise, to permit Gagnon's mechanics' lien to take priority over First Citizens' mortgage. On one occasion in March of 1996, Hallowell met with a representative of Gagnon's to determine the extent of the improvements.

[¶ 4] On April 29, 1997, Gagnon's filed a complaint for mechanics' lien in the District Court (Madawaska) against Michaud as the owner of the property in question and First Citizens as the mortgagee. Pursuant to M.R. Civ. P. 76C, First Citizens removed the complaint to the Superior Court (Aroostook County) and filed a motion for summary judgment with a statement of material facts. Gagnon's filed an objection to First Citizens' motion with a statement of contested facts and additional facts. Thereafter, First Citizens filed a complaint for foreclosure against Scott Michaud as mortgagor of the property. The complaint included Gagnon's and the Town of Van Buren as parties-in-interest for their respective lien interests on the property. First Citizens filed a motion for summary judgment and Gagnon's filed a motion in opposition. The two actions were consolidated, and, after hearing, the court entered summary judgment in both actions in favor of First Citizens, giving First Citizens' mortgage priority over Gagnon's mechanics' lien. Gagnon's appeals.

[¶ 5] We review the Superior Court's "entry of summary judgment for errors of law, viewing the evidence in the light most favorable to the party against whom the judgment was entered." *Rodrigue v. Rodrigue,* 1997 ME 99, ¶ 8, 694 A.2d 924, 926 (citation omitted). Summary judgment will be upheld if the evidence produced demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* When the trial court rules on a motion for summary judgment, " '[it] is to consider *only* the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.' " *Handy Boat Serv., Inc. v. Professional Servs., Inc.,* 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (quoting *Gerrity Co. v. Lake Arrowhead Corp.,* 609 A.2d 293, 295 (Me.1992)).

[¶ 6] Mechanics' liens are controlled by statute. The statute provides that a person who "performs labor or furnishes labor or materials ... used in erecting, altering, moving or repairing a house, building or appurtenances .... by virtue of a contract with or by consent of the owner, has a lien thereon." 10 M.R.S.A. § 3251 (1997), *amended by* P.L.1997, ch. 264, § 1. For purposes of Maine's mechanics' lien statute, a mortgagee is considered an owner to the extent of its mortgage interest. *Carey v. Boulette,* 158 Me. 204, 206, 182 A.2d 473, 474 (1962).

[¶ 7] It is undisputed that First Citizens did not contract with Gagnon's for the provision of materials to the property in question. Gagnon's argues, however, that it generated a genuine issue whether First Citizens consented to the provision of materials. "Consent" is not defined by the statute, but we have interpreted it as requiring the following:

A mechanics' lien cannot have priority over the mortgage without knowledge on the part of the [mortgagee] of the nature and extent of the work being performed on the mortgaged premises. With such knowledge the conduct of the [mortgagee] will be examined to ascertain whether in the light of all the circumstances there is any basis for subordinating the mortgage to the lien claim, and if so, to what extent.

*Carey,* 158 Me. at 213, 182 A.2d at 478. Further, it is the lienor's burden to prove knowledge. *Id.*

[¶ 8] Even viewing the evidence in the light most favorable to Gagnon's, the court did not err in concluding that First Citizens had insufficient knowledge of the nature and extent of the work to establish consent. Even though First Citizens had knowledge at the time of the closing of the intended conversion of the property, it did not have knowledge of any specific details of the actual work to be performed or of the actual delivery of goods and services subsequently made by Gagnon's. *See Maxim v. Thibault,* 124 Me. 201, 203, 126 A. 869, 870–71 (1924) (consent of owners not to be inferred from general knowledge alone that repairs were contemplated, but in the case of leases, from the language of the lease, their knowledge of what was contemplated and actually being done, and their conduct); *J.A. Greenleaf & Sons Co. v. Free–Andrews Shoe Co.,* 123 Me. 352, 357, 123 A. 36, 37 (1923) (distinction between general knowledge of what alterations are being made and general knowledge that alterations are being made).

[¶ 9] The meeting that occurred with Hallowell in March of 1996 provides no basis for finding consent. The meeting has no significance with regard to prior deliveries. *See Morse v. Dole,* 73 Me. 351, 353–54 (1882) ("consent of the owner must go along with the delivery of the materials to give the lien"). Moreover, Gagnon's presented no facts demonstrating that First Citizens acquired any knowledge at the meeting that future work was contemplated. Knowledge that prior work had been performed is not sufficient to raise a genuine issue of fact whether First Citizens had knowledge of any future work to be performed.

[¶ 10] Therefore, we find no error in the court's determination that First Citizens lacked sufficient knowledge to constitute consent pursuant to the mechanics' lien statute. Accordingly, it did not err in giving First Citizens' mortgage priority over Gagnon's mechanics' lien.

The entry is:

Judgments affirmed.