1999 ME 36

**COMMISSIONER OF HUMAN SERVICES**

v.

**WALDOBORO WATER CO., et al.**

Supreme Judicial Court of Maine.

Argued Feb. 4, 1999.

Decided Feb. 19, 1999.

Andrew Ketterer, Attorney General, Gerald D. Reid, Asst. Atty. Gen. (orally), Peter Brann, State Solicitor, Augusta, for plaintiff.

Adrian P. Kendall (orally), Norman, Hanson & DeTroy, LLC, Portland, for defendants (on appeal, Paul D. Ring appeared pro se below).

Jerrol A. Crouter, Drummond, Woodsum & MacMahon, Portland, for Consumers Maine Water Co., party-in-interest.

Paul L. Gibbons, Gibbons & Calderwood, LLP, Camden, and Alan G. Stone, Clifford, Stone & Herman, Lewiston, for Town of Waldoboro, party-in-interest.

Peter W. Greenleaf, Maine Legal Associates, P.A., Portland, for R. Steven Thing, Trustee, party-in-interest.

Carol MacLennan, Public Utilities Commission, Augusta, party-in-interest.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, and SAUFLEY, JJ.

RUDMAN, J.

[¶ ] Waldoboro Water Co. and Paul Ring appeal from the judgment entered in the Superior Court (Kennebec County, *Marden, J.*) ordering the sale of Waldoboro Water's assets to the Town of Waldoboro. Waldoboro Water and Ring argue that the trial court erred by granting a summary judgment enforcing their agreement with the Commissioner of Human Services to sell the company in exchange for the Commissioner's dismissal of proceedings alleging violations of the Safe Drinking Water Act, 22 M.R.S.A. §§ 2611–2617 (1992 & Supp.1998). We affirm.

[¶ 2] In September 1995, the Commissioner of Human Services filed a complaint and motion for preliminary injunction against Waldoboro Water, Hartland Water Co., and

Paul Ring (the owner of the capital stock of both companies), alleging that the defendants were violating the Safe Drinking Water Act and thereby creating a serious public health risk. After the Superior Court (*Alexander, J.*) granted a preliminary injunction, the parties proceeded through a then-mandatory Alternative Dispute Resolution pilot project in Kennebec County. M.R. Civ. P. 16C(c)(1).

[¶ 3] As a result of the sessions with a Volunteer Neutral, the parties agreed to the following, by way of settlement:

The defendant water companies will be sold by their owner. After the sale, the case will be dismissed by the plaintiff. The preliminary injunction will remain in effect until the case is dismissed. This case may be continued generally until this case is dismissed or further action is requested by either party.

[¶ 4] Pursuant to the settlement agreement, Hartland Water sold its assets to Consumers Maine Water Co. ("Consumers Maine") in September 1996, and the Commissioner moved to dismiss Hartland Water as a defendant. Meanwhile, Waldoboro Water attempted to sell its assets to Waldoboro Community Water System ("WCWS"), a newly-formed entity with unusual corporate purposes (such as fostering "international amateur sports competition") that Ring formed in part. However, the Public Utilities Commission denied WCWS's application to operate a water company.

[¶ 5] Other than WCWS, only two entities expressed interest in buying Waldoboro Water—the Town of Waldoboro and Consumers Maine. After the Town and Waldoboro Water orally agreed to a sale price of $387,200, the Town secured voter approval for the purchase, and obtained financing.

[¶ 6] During this time, difficulties at Waldoboro Water continued. On many occasions, customers reported being without any water at all. A Waldoboro Water employee described how Ring had risked contamination by jury-rigging plumbing joints and telling him to discontinue testing when water drawn from its quarry failed a chlorine test. After a pump failed and created another risk of contamination, the Department of Human Services ("DHS") required Ring to issue a boil order, but he refused to do it, and DHS had to issue the order itself. When customers called Waldoboro Water to ask about the order, Ring assured them the water was safe to drink without boiling. In addition to these immediate health risks, Waldoboro Water stopped billing customers, thus threatening the company's financial ability to comply with the Safe Drinking Water Act.

[¶ 7] The Commissioner moved to supplement his complaint with this information and requested that the court appoint a receiver to operate Waldoboro Water in compliance with the Safe Drinking Water Act. After a hearing, the Superior Court (*Atwood, J.*) granted the motion to supplement and appointed Consumers Maine to act as receiver and operate the company safely. The court specifically noted, however, that Consumers Maine was not responsible for bringing Waldoboro Water into compliance with applicable laws and regulations.

[¶ 8] The Commissioner then filed a motion for a summary judgment seeking to enforce the terms of the settlement agreement. In support of the motion, the Commissioner relied upon a request for admissions (to which neither the company nor Ring responded), which stated that: (1) the terms of the settlement agreement required that the company be sold; and (2) neither Waldoboro Water nor Ring were making any effort to meet that obligation. Neither Waldoboro Water nor Ring filed a responsive pleading to the motion for a summary judgment, and neither appeared at either scheduled hearing on the issue. The Superior Court (*Marden, J.*) entered a summary judgment in favor of the Commissioner, ordered an independent appraisal of Waldoboro Water, and suggested that a trustee be appointed to represent the company's interests in negotiating a sale. Shortly thereafter, the court appointed R. Steven Thing to serve as trustee.

[¶ 9] Thing concluded that the Town's offer of $387,200 was the best offer available to Waldoboro Water, and entered into a purchase and sale agreement with the Town. At a hearing on the trustee's motion to approve the sale, the court gave Ring wide latitude to cross-examine and present witnesses, but,

once again, neither he nor Waldoboro Water challenged the enforcement of the settlement agreement. The court subsequently approved the sale. Although the specified closing date passed during the pendency of this appeal, the trustee and the Town have amended the contract to extend that date accordingly.

[¶ 10] When reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the trial court committed an error of law. *Gagnon's Hardware & Furn., Inc. v. Michaud,* 1998 ME 265, ¶ 5, 721 A.2d 193, 194. The trial court properly enters a summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.* When a trial court rules on a motion for a summary judgment, it is to consider only: (1) the portions of the record that the Rule 7(d) statements referred to; and (2) the material facts contained in those statements. *Id.*

[¶ 11] Waldoboro Water and Ring contend that the trial court erred by granting a summary judgment for specific performance of the settlement agreement because the agreement was not a binding contract. In Waldoboro Water's view, the settlement agreement was merely an expression of intent to enter another agreement at a later date. However, Waldoboro Water and Ring failed to preserve that argument. They did not raise it before the trial court. *Scott v. Lipman & Katz, P.A.,* 648 A.2d 969, 974 (Me.1994). Therefore, we review only for error that works a substantial injustice.

*Aseptic Packaging Council v. State,* 637 A.2d 457, 463 n. 4 (Me.1994).

[¶ 12] Neither Waldoboro Water nor Ring responded to either the request for admissions or the motion for a summary judgment. In each pleading, the Commissioner asserted facts sufficient to establish that the settlement agreement was binding upon Waldoboro Water and Ring and that neither was making any effort to negotiate a sale. Due to the failure of either Waldoboro Water or Ring to respond, the court deemed these facts admitted from both the request for admissions, pursuant to M.R. Civ. P. 36, *Diversified Communications, Inc. v. Godard,* 549 A.2d 362, 363 (Me.1988), and the statement of material facts accompanying the motion for a summary judgment, pursuant to M.R. Civ. P. 7(d)(2). *Gagnon's Hardware & Furn.,* 1998 ME 265, ¶ 5, 721 A.2d at 194. Under these circumstances, the trial court did not err by finding that the settlement agreement constituted a binding contract, and appropriately granted a summary judgment.

The entry is:

Judgment affirmed. Remanded to the Superior Court for further proceedings consistent with this opinion.