STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 FEB -6 A 9: 36

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-038

SPURWINK CORPORATION,

Plaintiff,

v.

ALLEN CARLSON &
SUSAN CARLSON

Defendants

**DECISION AND JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 15 2007

## I. BEFORE THE COURT

This matter came before the court on defendants' Motion for Partial Summary Judgment on plaintiff's complaint and on Count I of defendants' counterclaim. When the motion was scheduled for oral argument on February 1, 2007, plaintiff's attorney was present, but the defendants' failed to appear, either personally or through counsel.[1]

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed a one-count complaint asking for temporary and permanent injunctive relief ordering the defendants to immediately quit and not return to 15 Bancroft Court in Portland (Bancroft House). The plaintiff employed the defendants as a therapeutic couple who worked at the Bancroft House, which serves as a residence for children and adolescents with behavioral, emotional, mental and developmental disabilities. As part of their employment, the defendants lived at the house for periods

---

[1] Defendant's counsel was allowed to withdraw prior to oral argument. The defendants failed to obtain new counsel or inform the court that they would proceed pro se. Under the terms of the Order allowing withdrawal the court can impose sanctions, enter a default on plaintiff's complaint and/or dismiss defendants' counterclaim. Because of the court's decision herein, none of those dispositions are necessary.

of time and provided caretaking and household responsibilities. When the defendants' employment was terminated they refused to leave the Bancroft House. Along with their complaint, the plaintiff filed a motion for a temporary restraining order requiring the defendants to leave the Bancroft House. A temporary restraining order was granted by this court ordering the defendants to leave, and they did so. Thereafter, the defendants filed an answer and a two-count counterclaim alleging that they were illegally evicted and that the plaintiff has retained or discarded their personal property after they moved from Bancroft House pursuant to the temporary restraining order.

## III. DISCUSSION

**A. Established Facts:**

The record permits a finding of the following facts:

1. The defendants were hired by the plaintiff as a therapeutic couple in October 2005. DSMF ¶ 1.

2. As part of their employment duties, the defendants were assigned to reside at the Bancroft House. Bancroft House is a therapeutic residence for children and adolescence who experience mental, emotions, behavioral, and/or learning disabilities. DSMF ¶ 4, PASMF ¶ 4.

3. The defendants' duties included minor maintenance and repairs of the residence, housekeeping, laundry, and meal preparation. The defendants were responsible for living at the Bancroft House in order to supervise residents 24 hours per day. The defendants were required to assist in resident's treatment, promote appropriate socialization, insure safety and manage behavior. DSMF ¶ 6, PASMF ¶¶ 8-9.

4. The defendants work schedule entailed twelve days on and two days off. DSMF ¶ 8, PASMF ¶ 13.

5. During their days off, the defendants were required to leave the Bancroft House and make alternative living arrangements. PASMF ¶ 13.

6. The defendants were terminated on January 17, 2006. DSMF ¶ 11. The termination resulted from the defendants announcing their intention to adopt one of the residents at Bancroft House, which violated the plaintiff's policies. PASMF ¶ 19.

2

7. The defendants' presence at the Bancroft House following their termination resulted in detrimental effect on treatment in the Bancroft House. PASMF ¶ 22.

## B. Summary Judgment

This court will grant a motion for summary judgment when no genuine issue of material facts exists and any party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). The court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. "Judgment shall be rendered forthwith if the pleadings . . . show that there is no genuine issue of material fact and that any party is entitled to judgment as a matter of law. ... Summary Judgment, when appropriate, may be rendered against the moving party." M.R. Civ. P. 56(c)(2006).

The defendants contend that the plaintiff illegally evicted them when they obtained a temporary restraining order requiring the defendants to leave Bancroft House. The defendants maintain that the plaintiff should have followed procedure outlined in Maine's Forcible Entry and Detainer (FED) Statutes, 14 M.R.S.A. 6001 et seq. The plaintiff asserts that the FED statute is inapplicable to the defendants' situation.

The "Process of forcible entry and detainer may be maintained . . . against a tenant where the occupancy of the premises is incidental to the employment of a tenant." 14 M.R.S.A. 6001(1) (2005). Under the FED statute, nonconforming evictions are made expressly illegal. 14 M.R.S.A. 6014 (2005). The Law Court has held that migrant laborers who are furnished with living quarters are tenants and are entitled to receive visitors at their residences. See *State v. DeCoster*, 653 A.2d 891 (1995)(employer

3

attempted to prevent employees of an egg farm, living in employer owned housing from receiving visitors).

The defendants' arguments are predicated on the fact that a tenancy relationship exists between themselves and their employer. The plaintiff maintains that since the defendants' residence at the Bancroft House is not incidental to their employment, but rather integral to their employment, the FED statute is inapplicable to the defendants claim that they were illegally evicted.[2] The facts demonstrate that the defendants were required to live at the Bancroft House as part of their employment. When the defendants were not on duty, they were required to leave Bancroft House and find alternative living arrangements. These facts indicate that the defendants did not have a possessory interest in the Bancroft House and no tenancy was created between them and the plaintiff. Therefore, the plaintiff was not required to comply with the FED statute and the defendants were not illegally evicted.

Although the issues are presented to the court on the defendants' motion, because there is no dispute as to material facts on the complaint and Count I of the counterclaim, and the defendants have not complied with the Order regarding withdrawal of counsel, the plaintiff is entitled to judgment on all counts. *See* M.R.Civ.P. 56(c).[3]

## IV. ORDER AND JUDGMENT

The clerk shall make the following entry onto the docket as the Decision and Judgment of the court:

---

[2] To support their claim, the plaintiffs cite three cases from other jurisdictions that were decided between 1892 and 1925. While on point, these cases are extremely remote from the law as it exists in the State of Maine at the present time.

[3] M.R.Civ.P. 56(c), "Summary judgment, when appropriate, may be rendered against the moving party."

4

1.  The defendants' motion for partial summary judgment is denied.

2.  Summary judgment is granted to plaintiff Spurwink Corporation on its complaint.

3.  Summary judgment is granted to plaintiff Spurwink Corporation on the defendants' counterclaim.

4.  As the prevailing party, the plaintiff is entitled to costs as allowed by rule and statute.

SO ORDERED.

DATED: __February 5, 2007__

Thomas E. Delahanty II
Justice, Superior Court

ƆURTS
Ɔounty
87
4112-0287

GRAYDON STEVENS ESQ
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

COURTS
ıd County
ıx 287
e 04112-0287

ALLAN CARLSON
SUSAN CARLSON
PO BOX 2464
BANGOR ME 04402