STATE OF MAINE                STATE OF MAINE
CUMBERLAND, ss.               CUMBERLAND, SS
                             CLERK'S OFFICE          SUPERIOR COURT
                                                        CIVIL ACTION
                                                        DOCKET NO. CV-04-452

                             2001 MAR -1  A II: 3b

BARBARA JEAN BOYDEN, Personal
Representative of the Estate of
RICHARD BOYDEN, and
BARBARA JEAN BOYDEN
            Plaintiffs

v.                                    **DECISION & ORDER**

TRI-STATE PACKING SUPPLY,
W.L. BLAKE & CO.,
I U NORTH AMERICA, INC.,
AQUA-CHEM CORP.,
COLTEC INDUSTRIES, INC.,
JOHN CRANE, INC.,
THE GAGE CO.,
INGERSOLL-RAND CO.,
HONEYWELL, INC.,
NEW ENGLAND INSULATION CO.,
GENERAL ELECTRIC COMPANY,
VIACOM, INC.,
METROPOLITAN LIFE INSURANCE CO., and
APV BAKER, INC.
            Defendants


This matter came before the court on motions for summary judgment pursuant

to M.R. Civ. P. 56 filed by defendants W.L Blake & Co., Aqua-Chem Corp., and APV

Baker Inc.

                PROCEDURAL HISTORY & BACKGROUND

Richard Boyden was employed as a maintenance worker at John J. Nissen Baking

Company in Biddeford, Maine, from 1958 to 1991. Boyden claimed that he contracted

asbestosis, lung cancer, and other asbestos-related diseases as a result of exposure to

asbestos dust and fibers from products that were present in his work environment and

produced, manufactured, or distributed by the defendants. The plaintiff died on

September 27, 2004, allegedly as a result of asbestos-related diseases.

On July 15, 2004, Richard Boyden and his wife, Barbara Jean Boyden, filed an eight-count complaint against the defendants. On January 27, 2005, Barbara Jean Boyden filed a suggestion of death concerning Richard Boyden, and a motion to substitute parties. On April 12, 2005, the court granted the motion and Barbara Jean Boyden, as personal representative of her husband's estate, was substituted for Richard Boyden. Hereinafter, the plaintiffs will be referred to as Boyden and will be referred to in the singular, but will refer to Barbara Jean Boyden in both of her capacities. The defendants filed answers and various affirmative defenses and cross-claims.

On May 10, 2005, Tri-State Packing Supply Company filed a motion for summary judgment.[1] On May 23, 2005, the court granted the plaintiff's motion to amend the complaint and add defendant APV Baker, Inc. On November 21, 2005, the plaintiff filed a motion to dismiss General Electric, which was granted on January 1, 2006. On January 31, 2006, a stipulated motion for dismissal of Ingersoll-Rand was filed. On March 15, 2006, Tri-State Packing renewed its motion for summary judgment and the court granted judgment to Tri-State Packing on April 26, 2006.

On May 8, 2006, defendants I. U. North America, Viacom, Inc.; APV Baker, Inc.; New England Insulation Co.; John Crane, Inc.; Coltec Industries, Inc.; and W.L. Blake & Co. filed motions for summary judgment. On May 15, 2006, defendant Honeywell filed a motion for summary judgment. On July 19, 2006, the court granted summary judgment to Honeywell, W.L. Blake, John Crane, New England Insulation, APV Baker, Viacom, and I. U. North America. On July 19, 2006, the plaintiff filed a motion to vacate all the summary judgments that had been granted. On August 25, 2006, I. U. North America filed a motion to dismiss. On August 30, 2006, Aqua-Chem Corp., John Crane,

---

[1] The Court granted Tri-State Packing Co.'s motion for summary judgment on July 18, 2005, after the plaintiff failed to file an opposition. The plaintiff filed a motion for reconsideration, which was granted on August 26, 2005.

APV Baker, and New England Insulation filed or renewed their motions for summary judgment. The motion to vacate was granted on August 31, 2006. On October 10, 2006, the plaintiff filed a motion stating that it was not opposing motions for summary judgment filed by Coltec Industries, John Crane, The Gage Co., New England Insulation, General Electric, and Viacom. On November 8, 2006, the court granted summary judgment to John Crane, I. U. North America, Coltec Industries, Viacom, and New England Insulation.

Remaining in the case as defendants are: W.L. Blake., Aqua-Chem, The Gage Co.,[2] Metropolitan Life Insurance Co., and APV Baker. The only motions before the court are motions for summary judgment filed by W.L. Blake, Aqua-Chem, and APV Baker.

## DISCUSSION

This court will grant a motion for summary judgment when no genuine issue of material facts exists and any party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). A fact is material when it may change the outcome of the case and "a genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When reviewing a motion for a summary judgment, "the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statement of material facts]." *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A. 2d 933, 938 (internal quotations and citations omitted). Rule 56 requires

---

[2] On October 10, 2006, the plaintiff filed a response to motions for summary judgment stating that she did not oppose a motion for summary judgment filed by The Gage Co., however, no motion for summary judgment was filed by The Gage Co. and so there is no motion for the court to act on in order to enter judgment in favor of The Gage Co.

3

parties "to come forward with affidavits or other materials setting forth by competent proof specific facts that would be admissible in evidence to show . . . that a genuine issue of fact exists." *Bangor & Aroostook R.R. Co. v. Daigle*, 607 A.2d 533, 535-36 (Me. 1992). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ P. 56(h)(4). "All facts not properly controverted in accordance with this rule are deemed admitted." *Rogers v. Jackson*, 2002 ME 140 ¶ 7, 840 A.2d 379, 380-81 (citing M.R. Civ. P. 56(h)(4)).

"To avoid judgment as a matter of law, the plaintiff must establish a *prima facie* case for each element of his cause of action." *Barnes v. Zappia*, 658 A.2d 1086, 1089 (Me. 1995). "No matter how improbable" a party opposing summary judgment's "chances of prevailing at trial" seem, a court may not decide an issue of fact; it is only permitted "to determine whether a genuine question of fact exists." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209. Finally, the court must give the party opposing summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

A.      Causes of Action

Count I of the plaintiff's complaint alleges that the defendants' negligence caused Richard Boyden to be exposed to asbestos and subsequently develop cancer as a result of such exposure; in Count II the plaintiff seeks to recover for a violation of 14 M.R.S. § 221, which prohibits the sale of defective or unreasonably dangerous goods; in Count III Barbara Jean Boyden seeks to recover for loss of consortium; and in Count IV plaintiff seeks punitive damages. Each of the three defendants based its motion for

4

summary judgment on the claim that the plaintiff is unable to provide sufficient evidence that its specific product caused Boyden's asbestos related illness.

In an action for negligence in Maine, the plaintiff must demonstrate that "a violation of the duty to use the appropriate level of care towards another, is the legal cause of harm to" the plaintiff and that the defendant's "conduct [was] a *substantial factor* in bringing about the harm." *Spickler v. York*, 566 A.2d 1385, 1390 (Me. 1993) (internal citations omitted). The substantial factor standard is also found in the Restatement (2nd) of Torts § 431, which states:

> The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.

Despite these precedents, however, the defendants urge the court to adopt the standard stated in *Lohrmann v. Pittsburgh Corning, Corp.*, 782 F.2d 1156 (4th Cir. 1996), an asbestos case arising in Maryland. Like Maine, Maryland has adopted the substantial factor test as provided in the Restatement (2nd) of Torts, § 431, so the decision must be given serious consideration. In addition, the *Lohrmann* standard has been followed by a majority of jurisdictions. *See, Slaughter v. Southern Talc Co.*, 949, F.2d 167, 171 (5th Cir. 1991).

In *Lohrmann*, a case initiated by pipefitters working in a large shipyard, the 4th Circuit specifically rejected the argument that a plaintiff could survive summary judgment or directed verdict simply because a defendant's product was in the work environment while the plaintiff worked there. The *Lohrmann* court required the plaintiff to establish a threshold level of exposure to each specific defendant's product. The court adopted the following test: "To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific

5

product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lorhmann*, 782 F.2d at 1162-63. The court used this frequency, regularity and proximity test to evaluate the contrary inferences arising from the circumstantial evidence presented. *Id.* at 1163. The *Lorhmann* court held that this test would permit a jury to determine facts from the evidence submitted, but would prevent a jury from speculating or conjecturing. *Id.* The court ultimately found that the plaintiffs in *Lorhmann* had failed to meet the threshold, and had failed to prove "a reasonable probability of causation between the plaintiff's disease and the products manufactured by" the defendants. *Id.*

The Law Court has "previously defined proximate cause as 'that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the result would not have occurred,'" *Ames v. Dipietro-Kay, Corp.*, 617 A.2d 559, 561 (Me. 1992) (internal citations omitted). Additionally, it has held that, "when there is so little evidence tending to show a critical element of a plaintiff's claim that the jury would have to speculate in order to return a verdict for the plaintiff, a defendant is entitled to a summary judgment." *Bealieu v. The Aube Corp.*, 2002 ME 79, ¶ 31, 796 A.2d 683, 692.

The Restatement (2d) Torts, § 434 delineates the functions of the court and of the jury in determining causation in actions for negligence. The court's only functions are to determine,

> (a) whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff;
> (b) whether the harm to the plaintiff is capable of apportionment among two or more causes; and
> (c) the questions of causation and apportionment, in any case in which the jury may not reasonably differ.

Because it is entirely the jury's function to determine if the conduct of the defendant was a substantial factor in causing the plaintiff's injury and because it is not appropriate for the court to determine whether a plaintiff has proven that a defendant's product proximately caused the harm, this court must decline to adopt the construct enunciated in *Lorhmann*. Restatement (2d) Torts § 434. In summary motions, the plaintiff need only establish *prima facie* evidence of causation. In actions concerning strict liability or negligence resulting from contact with asbestos a *prima facie* case requires a plaintiff to demonstrate:

> (1) "medical causation" — that the plaintiff's exposure to the defendant's product was a substantial factor in causing the plaintiff's injury and
> (2) product nexus — that the defendant's asbestos-containing product was at the site where the plaintiff worked or was present, and that the plaintiff was in proximity to that product at the time it was being used ... a plaintiff must prove not only that the asbestos products were used at the worksite, but that the employee inhaled the asbestos from the defendant's product.

63 AM. Jur. 2d Products Liability § 70 (2001) (emphasis added).

With these conclusions in mind, each of the pending motions is addressed below.

1. Defendant W.L. Blake & Co.'s Motion for Summary Judgment

The statements of material facts (DSMF) provided by W.L. Blake & Co. (WLB) and the responses to the DSMF and additional statements of material fact (PASMF) provided by the plaintiff permit the court to make the following findings for the purposes of this motion:

a. Richard Boyden was exposed to products containing asbestos while he worked at J.J. Nissen Baking Co. from 1958-1990. DSMF ¶ 1.

b. There is conflicting evidence concerning the cause of Boyden's lung cancer. PASMF ¶ 7, Def.'s Responses to PASMF ¶ 5. For the purposes of this motion, however, the court will assume that cancer was caused by exposure to

7

asbestos. The issue remaining is whether Boyden has presented *prima facie* evidence that he had sufficient contact with WLB asbestos-containing products to support an inference that those products caused harm to him.

c. WLB asbestos-containing products were sold to Boyden's employer. DSMF ¶ 28, Pl.'s Repsonses to DSMF ¶¶ 23-24. The plaintiff testified that he personally worked with insulation containing asbestos, and that WLB supplied insulation to Boyden's employer. *Id.* He specifically recalled seeing WLB's label on insulation products he used. *Id.*

For both Counts I and II, the plaintiff must demonstrate (1) medical causation and (2) product nexus. For the purposes of this summary judgment motion, WLB has conceded that asbestos exposure was the medical cause of Boyden's cancer. That leaves product nexus.

WLB has argued that Boyden has failed to provide enough evidence of contact with its asbestos-containing products to permit a trier of fact to rationally determine that a WLB product was a proximate cause of Boyden's cancer. In response, Boyden has presented evidence that he had personal contact with asbestos in WLB's products during the course of his employment at J.J. Nissen Baking Co. Whether that evidence is sufficient to prove that WLB's products were a substantial factor in causing Boyden's cancer is a question that requires a comparison and weighing of the evidence, a function left to the trier of fact. Since there remains a genuine issue of material fact concerning legal causation, summary judgment is inappropriate.

Barbara Jean Boyden's claim for loss of consortium and the claim for punitive damages are dependent on WLB's liability for the injury. No other issue was briefed or is properly before the court concerning the plaintiff's third Count and therefore, there is no basis on which to award judgment for or against WLB on Counts III and IV.

8

2. Defendant Aqua-Chem Corp.'s Motion for Summary Judgment

The statements of material facts (DSMF2) provided by Aqua-Chem Corp. (A-C) and the plaintiff's responses to the DSMF2 and additional statements of material fact (PASMF2) permit the court to make the following findings for the purposes of this motion:

a. Richard Boyden was exposed to asbestos while he worked as a maintenance worker at J.J. Nissen Baking Co. from 1958-1991. DSMF2 ¶¶ 2-3, 9.

b. Cleaver Brooks (either the same company as A-C or A-C's predecessor in interest) shipped steam boilers to the Nissen Bakery in Portland, Maine in July 1957 and July 1963. DSMF2 ¶ 14.

c. Boyden did not directly work on the boiler. DSMF2 ¶¶ 12, 18.

d. Maintenance workers sometimes swept and vacuumed in the boiler room. DSMF2 ¶ 22.

e. Some of the components of the boiler had asbestos products. PASMF2 ¶ 1.

f. When the boiler was sold to the bakery it was insulated with fiberglass. DSMF2 ¶ 15

g. There is no evidence that Boyden ever worked with an A-C boiler or was exposed to asbestos products manufactured or sold by A-C. DSMF2 ¶ 23. Pl.'s Response to DSMF2 ¶ 23 is a qualification, which fails to refer to any evidence that A-C employees were responsible for installing and maintaining asbestos products in the boilers. The record citations provided by Boyden fail to indicate that asbestos products originated from A-C. Pl.'s Response to DSMF2 ¶ 23.

9

h.    Asbestos products supplied by WLB may have been installed in the boiler by Nissen employees, and a third-party did maintenance work on the boilers. Pl.'s Response to DSMF2 ¶ 23.

Title 14 M.R.S.A. § 221, which governs defective or unreasonably dangerous goods, does not extend to products that are significantly changed from the condition they were in at the time they were sold.[3]    The plaintiff has offered no evidence to suggest that the boilers had any asbestos-containing products when they arrived at the Nissen bakery, and has offered no evidence to suggest that asbestos products were added to the A-C boilers by A-C or its agents.  The record, in fact, demonstrates only that the boilers were insulated with fiberglass insulation and that any asbestos-containing products—manufactured by companies other than A-C—were installed on the boilers by non-A-C employees sometime after the boilers were at the bakery.

There is no evidence in the record to support a finding that A-C caused any asbestos to enter the Nissen Bakery or caused the plaintiff to be exposed to any asbestos.  Therefore, the plaintiff has failed to generate an issue of material fact concerning A-C's causation of the plaintiff's injury.  Because the plaintiff cannot support a finding that A-C caused the plaintiff's injury, the plaintiff cannot prevail under either a theory of negligence or a theory that A-C sold a defective or unreasonably dangerous product.

---

[3] The statute states:

> One who sells any goods or products in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods, or to his property, if the seller is engaged in the business of selling such a product and *it is expected to and does reach the user or consumer without significant change in the condition in which it is sold.*

14 M.R.S.A § 221 (2006) (emphasis added).

Since the plaintiff failed to provide any evidence that A-C caused the plaintiff's injury, the plaintiff cannot prevail on claims for loss of consortium or for punitive damages based on A-C's actions.

3.    Defendant APV Baker, Inc.'s Motion for Summary Judgment

The statements of material fact[4] (DSMF3) provided by APV Baker, Inc. (APV) and the responses to the DSMF3 and additional statements of material fact (PASMF3) provided by the plaintiff permit the court to make the following findings for the purposes of this motion:

a.    Boyden was exposed to asbestos products while employed at J.J. Nissen Baking Company. ¶ 6.

b.    Boyden worked near ovens manufactured by APV. DSMF3 ¶ 17 and Pl's. Response to DSMF3 ¶¶ 17-18.

c.    Whether Boyden worked with asbestos insulation connected to the APV ovens remains disputed. DSMF3 ¶ 17 and Pl.'s. Response to DSMF3 ¶¶ 17-18.

d.    Whether APV ovens were sold with asbestos parts remains a disputed issue. DSMF3 ¶ 17 and Pl's. Response to DSMF3 ¶¶ 17-18.

e.    Each contact the plaintiff had with asbestos caused his lung cancer. PASMF3 ¶ 4.

APV has asserted that the plaintiff cannot establish that he was exposed to asbestos in APV products. APV's Response to PSMF3 ¶ 4. There are, however, issues of material fact as to whether APV ovens found in the bakery were manufactured with asbestos. Plaintiff has stated, and APV has not refuted, that all contacts with asbestos caused his illness. PASMF3 ¶ 4. Therefore, the plaintiff has generated an issue of

---

[4] Some of APV's statements consist of irrelevant procedural background, conclusory statements of law and contain no citations to admissible evidence, those statements have been disregarded. Statements that were disregarded are ¶¶ 1-5, 7-13 and 24.

material fact concerning whether APV products contained asbestos were in Boyden's workplace and whether such products caused his illness. As a result, APV is not entitled to summary judgment.

Barbara Jean Boyden's claim for loss of consortium and the claim for punitive damages are based upon the claim for negligence and therefore, there is no basis to award judgment for or against APV on Counts III and IV.

## CONCLUSION

W.L.Blake's motion for summary judgment is DENIED. Aqua-Chem's motion for summary judgment is GRANTED and judgment is granted to Aqua-Chem on all Counts of the plaintiffs' complaint. APV Baker's motion for summary judgment is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: *February 28, 2007*

_____
Ellen A. Gorman, Justice

12

FRANCIS LYNCH ESQ
265 FRANKLIN STREET
BOSTON MA 02110-3113

— Appalachian

MICHAEL SAUCIER ESQ
PO BOX 4630
PORTLAND ME 04112

— Gray Co.

THEODORE KIRCHNER ESQ
PO BOX 4600
PORTLAND ME 04112

APV

plaintiff

MARCIA CLEAVELAND ESQ
746 HIGH STREET
BATH ME 04530