STATE OF MAINE
Cumberland, SS

SUPERIOR COURT
Civil Action
Docked No.  CV-04-210

PATRICIA GROVER, individually,
And as the Personal Representative
of the Estate of Tracey Grover,

Plaintiff

v.

SPRING HARBOR HOSPITAL and
WILLIAM BRENNAN, M.D.

Defendants

**DECISION AND ORDER
ON DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

DONALD L. GARBRECHT
LAW LIBRARY

AUG 2 0 2001

## I.  BEFORE THE COURT

The defendants have moved for partial summary judgment on plaintiff's claims for pecuniary loss, pain and suffering and emotional distress.

## II.  PROCEDURAL HISTORY AND BACKGROUND

On May 4, 2006, Patricia Grover, as personal representative of the Estate of Tracey Grover, filed a two-count complaint for damages stemming from the alleged medical malpractice of Dr. William Brennan and his employer, Spring Harbor Hospital (SHH).  The claims arise from the admission of Tracey Grover to SHH on July 2, 2002 and her discharge on July 3, 2002.  On the day after her discharge (July 4, 2002) she committed she committed suicide.  The plaintiff alleges, *inter alia*, the defendants failed to conduct a thorough examination, perform a suicide risk assessment, to properly diagnose and treat her mental condition and that they released her from the hospital prematurely without an adequate care plan.

## III. DISCUSSION

### A. Motion for Partial Summary Judgment

This court will grant a motion for summary judgment when no genuine issue of material facts exists and any party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). A fact is material when it may change the outcome of the case and "a genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When "determining whether to grant or deny a motion for a summary judgment, the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statement of material facts]." *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 8, 742 A. 2d 933, 938 (internal quotations and citations omitted). The court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

Pecuniary loss, conscious pain and suffering and emotional distress are compensable under Maine's Wrongful Death Act. 18-A M.R.S.A. §2-804(B-C). When evidence is speculative, requiring guesswork and conjecture, and a fact finder cannot determine loss with reasonably certainty, damages may not be awarded. *Carter v. Williams*, 2002 ME 50, ¶ 9; 792 A.2d 1093, 1097.

### B. Pecuniary Loss

It is inherently difficult to determine pecuniary loss upon the death of a child. *Carter*, 2002 ME 50, ¶ 10, 792 A.2d at 1097 (upholding judge's determination that pecuniary damage award to parents too speculative when

decedent was a child and there is no evidence that the child would be willing or able to provide financial support for mother in the future).

In order to survive summary judgment, plaintiff must provide some evidence establishing a *prima facie* claim for pecuniary loss to Patricia Grover. Here, Tracey Grover was not a child; she was a twenty-year-old woman, who suffered from mental health problems was being partially supported by her mother. PSMF ¶ 30. There is no evidence of any meaningful employment history, however, plaintiff has offered evidence by an economist as to Tracey Grover's earning potential. PASMF ¶ 15. Patricia Grover believes that Tracey would have supported her in some manner and states that Tracey told her that she would take care of Patricia when she got older. PSMF ¶¶ 23-24. Patricia's belief and Tracey's inadmissible hearsay statements do not meet the elements of a claim for pecuniary damages. The plaintiff's evidence that Tracey Grover would be able or willing to economically assist her is speculation only; therefore, Patricia Grover is unable to demonstrate that she has personally been economically harmed by Tracey Grover's death.

## C. Conscious Pain and Suffering

The defendants concede for the purposes of their motion that Tracey Grover suffered conscious pain and suffering, but contend that the cause of her suffering was a result of her mental state and not the actions of the defendants. It is the jury's function to determine if the conduct of the defendant was a substantial factor in causing the plaintiff's injury and to apportion the harm. Restatement (2d) Torts § 434. Here the plaintiff maintains that the negligence of Dr. Brennan in discharging Tracey prevented her from getting treatment to alleviate her emotional suffering. The plaintiff's expert witness will testify that

3

Dr. Brennan's malpractice included a failure to stabilize Tracey prior to her discharge and as a result she endured pain and suffering. Pl.'s Response to DSMF ¶ 18. The plaintiff has demonstrated a genuine issue of material of fact concerning whether Tracey experienced pain and suffering as a result of the defendants' malpractice.

**D. Emotional Distress**

"For a bystander to recover for emotional distress proximately caused by a defendant's negligence toward another person, the bystander must demonstrate that she was present at the scene of the accident; that she suffered serious mental distress as a result of contemporaneously perceiving the accident; and that she was closely related to the victim." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, P13, 711 A.2d 842, 846. *See also, Nelson v. Flanagan*, 677 A.2d 545 (Me. 1996) (holding that because son was not present at hospital when hospital's alleged negligence occurred, he is unable to recover on a claim of negligent infliction of emotional distress). Here, there is no evidence on the record that Patricia Grover was physically present when Tracey Grover was being treated, witnessed Tracey Grover's suffering or witnessed Tracey Grover's suicide. Therefore, Patricia Grover cannot demonstrate that she suffered emotional distress proximately caused by perceiving the defendant's negligence.

## IV. DECISION AND ORDER

The clerk will make the following entries onto the docket as the Decision and Order of the court:

> **A.** The defendants' Motion for Partial Summary Judgment is granted as to plaintiff's individual / personal claims for pecuniary losses and emotional distress.

4

**B.** The defendants' Motion for Partial Summary Judgment is denied as to claims by the estate for Tracey Grover's conscious pain and suffering.

SO ORDERED.

Dated: June 14, 2007

Thomas E. Delahanty II
Justice, Superior Court

5

COURTS
nd County
ox 287
1e 04112-0287

MARK LAVOIE ESQ
CHRISTOPHER TAINTOR ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME   04112

DF COURTS
land County
Box 287
aine 04112-0287

DANIEL LILLEY ESQ
CHRISTIAN FOSTER ESQ
DANIEL G LILLEY LAW OFFICES
PO BOX 4803
PORTLAND ME 04112