STATE OF MAINE
CUMBERLAND, ss

CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-06-122

FILED -CUM- 9/7/2007

2007 SEP -7 A 10: 48

H. WARD HOPE, III and
ELIZABETH HOPE,

      Plaintiffs and
      Counterclaim Defendants,

v.

SCOTT FORBES and
BETSY FORBES, et al.,

      and

THE SWAN RIGHT OF WAYS
ASSOCIATION,

      Defendants and
      Counterclaim Plaintiffs.

**DECISION AND ORDERS
ON MOTIONS FOR
SUMMARY JUDGMENT**



DONALD L. GARBRECHT
LAW LIBRARY

JAN 15 2008

## I.    MOTIONS PENDING

The following motions are pending before the court. The parties have been afforded the opportunity for oral argument.

A.    Plaintiffs' Motion for Summary Judgment.

B.    Defendants' Motion for Summary Judgment.

C.    Defendants' Motion to Extend Discovery Deadline.

## II.    BACKGROUND

The plaintiffs' complaint seeks to quiet title to beachfront property at Highland Lake in Windham. They seek a declaratory judgment and temporary and permanent injunctions to prevent the defendants and others from interfering with their use and enjoyment of the beach area.

The defendants, Scott and Betsy Forbes and The Swan Right of Ways Association, oppose the plaintiffs' demands and filed a counterclaim for declaratory judgment and a prescriptive easement. Twenty-one additional individuals who presently or formerly owned property in the Highland Lake Beaches Subdivision were granted permission to intervene and joined the defendants.

Plaintiffs and defendants have both moved for summary judgment and oppose the other.

The controversy in this case centers around shorefront property on Highland Lake. The plaintiffs own a cottage on a lakefront lot and contend that their ownership includes the beach in front of their cottage.

The defendants contend that the plaintiffs' property does not include the beach either because the deed does not, or was not intended to include the beach, or that the defendants have obtained a prescriptive easement over the beach.

## III.    DISCUSSION

### A. Summary Judgment Standard

This court will grant a motion for summary judgment when no genuine issue of material fact exists and any party is entitled to judgment as a matter of law. *Gagnon's Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 721 A.2d 193, 194; M.R.Civ.P. 56(c). A fact is material when it may change the outcome of the case and "a genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. When "determining whether to grant or deny a motion for summary judgment, the trial court is to consider *only* the portions of the record referred to, and the material facts set forth in the [statement of material facts]." *Corey v. Norman, Hanson & Detroy*, 1999 ME 196, ¶ 8, 742 A.2d 933, 938 (internal quotations and citations

omitted). The court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

## B. Plaintiffs' Deed Claim

"What boundaries a deed refers to is a question of law but where those boundaries exist on the face of the earth is a question of fact." *Milligan v. Milligan*, 624 A.2d 474, 477 (Me. 1993). "When interpreting a deed, a court should first look for the controlling intent of the parties on the face of the deed." *Id.* "The intent of the parties may not be clear from the face of the deed, however, if that deed contains a latent ambiguity." *Id.* "A latent ambiguity in a deed is 'created when, in applying the description to the ground, facts extrinsic to the document controvert or in some way render unclear the deed's apparently unambiguous terms.'" *Id.* citing *Taylor v. Hanson*, 541 A.2d 155, 157 (Me. 1988). "When the language of a deed is susceptible of more than one meaning, the trial court must determine the grantor's intent from contemporaneous circumstances and from standard rules of construction." *Id.* A legal presumption exists that property bordering a pond owns the property up to the low water mark of the pond. *Opinion of the Justices*, 118 Me. 503, 505, 106 A. 865 (Me. 1919).

Plaintiffs' deed describes the property as follows:

A certain lot or parcel of land, with buildings thereon, situated in the Town of Windham, County of Cumberland and State of Maine, being Lot Numbered Thirty-eight (38) as shown on Plan of Lots at Highland Lake Beaches, made by W.E. Winslow, surveyor, dated September 1, 1929and recorded in the Cumberland County Registry of deeds in Plan book 19, Page 23.

In this case, the parties agree that the Hope lot is depicted as Lot #38 on a survey map dated 1929. PSMF ¶ 2. The parties disagree whether the boundary line on that map includes the beach in front of Lot #38 to be within and part of lot #38. *See* PSMF ¶

3

7 and defendants' reply to PSMF ¶ 7. Both parties rely upon the map attached to PSMF-1, Ex. 1-B, to prove the boundary's location. *See* DOSMF-1, ¶¶ 12-14, 18 and plaintiffs' replies to DOSMF1 ¶¶ 12-14, 18.

The deed does not define specific metes and bounds; however, the plan depicts boundaries as 59.5 feet on the road, 118 feet on the common boundary with Lot 37, 126 feet along the common boundary with lot 39 and 40 feet on the lake side. The boundary at the lake end is indicated by multiple lines that fall outside the defined boundary of Lot #38.

The sidelines of Lot 38 are designated on the Plan as specific lengths, not "+/-", or some description that would lead to the conclusion that the length was indefinite or actually extended to the lake.

The defendants have provided testimony from a professional licensed surveyor, Robert Yarumian, that Lot #38 is not waterfront property, but rather the property ends at a grassy bank prior to the beach. DOSMF 19.[1] The plaintiffs have failed to rebut this statement with anything other than the 1929 survey map that forms the basis for Yarumian's opinion. That map supports the defendants' experts' opinion that Lot #38 is not a waterfront lot and that the beach is not part of Lot #38.

## C. Defendants' Prescriptive Easement Claim and Defendants' Motion to Extend the Discovery Deadline

The court's determination that lot #38 does not include the beach is dispositive of the case. The defendants' prescriptive easement claim and Motion to Extend the Discovery Deadline are moot. No ruling is required.

---

[1] *See* Yarumian affidavit, ¶¶ 12, 13, 16 and 17.

## IV.    DECISION AND JUDGMENT

The clerk will make the following entries as the Decision and Judgment of the court:

A.  Defendants' Motion for Summary Judgment is granted as to Counts I, II and III of the complaint and to Counts I of the counterclaim.[2]

B.  Plaintiffs' Motion for Summary Judgment is denied.

C.  Pursuant to M.R.Civ.P. 54(b)(1), the clerk is directed to enter final judgment for defendants.  The court determines that there is no just reason for delay of entry of final judgment.

D.  No costs are awarded.

SO ORDERED.

DATED:      September 5, 2007

Thomas E. Delahanty II
Justice, Superior Court

---

[2] Because defendants have prevailed on Count I of their counterclaim, Count II is moot and no further Order is required.

5

F COURTS
nd County
ox 287
ıe 04112-0287

WILLIAM KNOWLES ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586

F COURTS
nd County
ɔx 287
ıe 04112-0287

JONATHAN GOLDBERG ESQ
MITTEL ASEN
PO BOX 427
PORTLAND ME 04112-0427