STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-06-149

PHH MORTGAGE CORPORATION,
                    Plaintiff

v.

MELINDA SANDERSON,
                    Defendant

ANTHONY MANCINI, INC.,
FORTUNE CAPITAL GROUP, and
COLONIAL ROAD
CONDOMINIUM ASSOCIATION,
                    Parties-in-Interest

ORDER ON PARTIES'
CROSS MOTIONS FOR
SUMMARY JUDGMENT



DONALD L. GARBRECHT
LAW LIBRARY

FEB 15 2008

Before the Court in this foreclosure action is Plaintiff PHH Mortgage Corporation's Motion for Summary Judgment.[1] Also before the Court is Party-in-Interest Anthony Mancini, Inc.'s Motion for Summary Judgment.

## BACKGROUND

Defendant Melinda Sanderson ("Sanderson") owns property located in Portland, Maine. On December 23, 2005, Sanderson executed and delivered a promissory note and mortgage on the property to NE Moves Mortgage, LLC. NE Moves Mortgage, LLC then assigned the note and mortgage to Plaintiff PHH Mortgage Corporation ("PHH Mortgage"). The note and mortgage were not a construction loan or mortgage.

---

[1] PHH Mortgage Corporation also moved for default judgment against Anthony Mancini, Inc. However, as it is clear that Mancini has in fact appeared and participated in this case and as PHH Mortgage has entered no further pleadings concerning its Motion for Default Judgment, the Court denies this Motion.

Party-in-Interest Anthony Mancini, Inc. ("Mancini") alleges that it began electrical work on Sanderson's property sometime in August 2005 as Sanderson and her husband planned to turn a single-family home into a condominium duplex. Mancini further alleges that it was readily apparent that demolition and construction were occurring at the Portland property from August 2005 through January 2006 as there was construction debris and a new deck being built at the property during this time. It is undisputed that Mancini properly filed a mechanics' lien against Sanderson's Portland property on January 24, 2006 in the amount of $10,443.16.

On August 14, 2006, PHH Mortgage filed a Complaint to foreclose on Sanderson's property. On September 27, 2006, Mancini's attorney responded to an e-mail from PHH Mortgage's attorney regarding the order of priority by stating that Mancini was not claiming priority over PHH Mortgage. Thereafter, Mancini claims, it realized that it in fact was in position of first priority, not PHH Mortgage. Currently pending before the Court is PHH Mortgage's Motion for Summary Judgment on the foreclosure action with itself in the position of first priority. Also pending is Mancini's Motion for Summary Judgment on the foreclosure action with itself in the position of first priority. Both PHH Mortgage and Mancini oppose the other's Motion.

## STANDARD OF REVIEW

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Arrow Fastener Co., Inc. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 15, 917 A.2d 123, 126. "A court may properly enter judgment in a case when the

2

parties are not in dispute over the [material] facts, but differ only as to the legal conclusion to be drawn from these facts." *Tondreau v. Sherwin-Williams Co.*, 638 A.2d 728, 730 (Me. 1994). A genuine issue of material fact exists "when the evidence requires a fact-finder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93 ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.* An issue is genuine if "there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. If ambiguities exist, they must be resolved in favor of the non-moving party. *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685.

## DISCUSSION

Mechanics' liens are available to "[w]hoever performs labor or furnishes labor or materials...used in erecting, altering, moving or repairing a house, building or appurtenances...by virtue of a contract with or by consent of the owner" in order "to secure payment thereof." 10 M.R.S.A. § 3251 (2007). For purposes of this statute, a mortgagee is considered an owner. *Carey v. Boulette*, 158 Me. 204, 206, 182 A.2d 473, 474 (1962). In this case, it is undisputed that Mancini did not contract with PHH Mortgage to provide any labor or materials. Accordingly, the question before this Court is whether or not PHH Mortgage consented to Mancini's work within the meaning of the statute.

The Law Court has acknowledged that the question of consent is very fact-specific and depends on the facts of each case. *Id.* at 207; 182 A.2d at 475 ("It has been generally held that whether consent appears in any given case depends

3

wholly upon the facts in that case"). However, the Law Court has offered some instruction for determining whether consent exists in a given case, including this interpretation:

> A mechanics' lien cannot have priority over the mortgage without knowledge on the part of the [mortgagee] of the nature and extent of the work being performed on the mortgaged premises. With such knowledge the conduct of the [mortgagee] will be examined to ascertain whether in the light of all the circumstances there is any basis for subordinating the mortgage to the lien claim, and if so, to what extent.

*Gagnon's Hardware & Furniture, Inc. v. Michaud*, 1998 ME 265, ¶ 7, 721 A.2d 193, 194-94, quoting *Carey*, 158 Me. at 213, 182 A.2d at 478.

The *Gagnon* case involved facts similar to those in the instant case in that Gagnon claimed that its mechanics' lien gave it first priority over the bank's mortgage by virtue of the fact that a representative of the bank knew that the property owner was going to make renovations to the property before the note and mortgage were executed. *Gagnon*, 1998 ME 265, ¶ 2, 721 A.2d at 194. At one point, the bank representative even met with a Gagnon employee to determine the extent of the construction. *Id.* ¶ 3, 721 A.2d at 194. Gagnon argued that this knowledge that improvements were going to be made was sufficient consent by the bank such that Gagnon had priority over the bank. *Id.* ¶ 6, 721 A.2d at 194. The Law Court disagreed, holding that "[the bank] had insufficient knowledge of the nature and extent of the work to establish consent. Even though [the bank] had knowledge at the time of the closing of the intended conversion of the property, it did not have knowledge of any specific details of the actual work to be performed or of the actual delivery of goods and services subsequently made by Gagnon's." *Id.* ¶ 8, 721 A.2d at 195.

4

In the instant case, Mancini has failed to substantiate his claim that PHH Mortgage, or its predecessor NE Moves Mortgage, LLC, knew of or consented to the work it was doing at the property. Indeed, the sole evidence Mancini presents to the Court to support this assertion is the affidavit of its Vice President Gino Mancini, who states that "it was readily apparent that demolition, renovation and construction were occurring at the Property. Construction debris from the demolition of existing walls, cabinets, etc. could be seen outside. A new deck was being constructed on the rear of the building. I also believe there were trash containers or pick-up trucks to haul away trash outside the Property." Affidavit of Gino Mancini ¶ 5. This is insufficient to generate a genuine issue of material fact or to prove that PHH Mortgage had knowledge of the nature and extent of Mancini's work. Indeed, even if PHH Mortgage did see the debris and trash containers in the yard and saw the deck being constructed, as Mancini alleges, there is still no evidence that PHH Mortgage knew about the electrical work that Mancini was doing inside the home.[2]

Accordingly, this Court denies Mancini's Motion for Summary Judgment and grants PHH Mortgage's Motion for Summary Judgment.[3]

---

[2] Nor did Mancini file an affidavit pursuant to M.R. Civ. P. 56(f) asking the Court to delay decision on the Cross Motions for Summary Judgment pending further discovery.

[3] In its original Motion for Summary Judgment, PHH Mortgage placed itself in first position; Fortune Capital Group in second position; and Mancini in third position. It is now conceded by all three of these parties that Fortune Capital Group is properly in third position as it filed its mortgage and note after PHH Mortgage filed its note and mortgage and after Mancini filed its mechanics' lien.

5

Therefore, the entry is:

> Plaintiff PHH Mortgage Corporation's Motion for Summary Judgment is GRANTED. Party-in-Interest Anthony Mancini, Inc.'s Motion for Summary Judgment is DENIED.

> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _16th_ day of _January_ , 2008.

Robert E. Crowley
Justice, Superior Court

6

CLERK OF COURTS
Cumberland County
P.O. Box 287
ortland, Maine 04112-0287

JONATHAN FLAGG ESQ
FLAGG LAW PLLC
93 MIDDLE ST
PORTSMOUTH NH 03801

LERK OF COURTS
Cumberland County
P.O. Box 287
tland, Maine 04112-0287

MELINDA SANDERSON
5 WATTS FARM WAY
FALMOUTH ME 04105

ERK OF COURTS
Cumberland County
P.O. Box 287
and, Maine 04112-0287

BRENDAN RIELLY ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112

ERK OF COURTS
Cumberland County
P.O. Box 287
and, Maine 04112-0287

DOUGLAS BRITTON ESQ
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101