STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-06-168
RAC -CuM - 9/5/2007

OPTION ONE MORTGAGE CORP.

Plaintiff,

v.

**ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

SUSAN GILMAN, et. al.,

Defendants.

DONALD L. GARBR
LAW LIBR

JAN 15 2008

RECEIVED

This matter comes before the Court on Plaintiff's motion for summary judgment pursuant to M.R. Civ. P. 56(c).

## BACKGROUND

Defendant Susan Gilman ("Gilman") is a resident of Gorham, Maine. In February 2005, Gilman purchased property located at 22 Hay Field Drive in Gorham.[1] She later obtained financing in the amount of $380,000 from Residential Mortgage Services, Inc. ("RMS"), a Maine corporation. Gilman executed an adjustable rate rider and note, as well as a mortgage in favor of Residential Mortgage Services, Inc. in January 2006.[2] The mortgage eventually was assigned to Plaintiff Option One Mortgage Corporation ("Option One"), a corporation with a principal place of business in California. Option One is now the holder of the mortgage.

Other parties in interest also have liens on the Gorham property by virtue of contract work they performed for Gilman in connection with the construction

---

[1] The deed is recorded in the Cumberland County Registry of Deeds at Deed Book 22332, Page 125.

[2] The mortgage is recorded in the Cumberland County Registry of Deeds at Deed Book 23610, Page 181.

1

of her Gorham residence. Phinney Lumber Company ("Phinney") of Gorham, Maine is a party in interest, having filed a Certificate of Lien for Contractor in the amount of $38,698.46, dated February 3, 2006.[3] Martin & Sons Plumbing & Heating ("Martin") of Westbrook, Maine is a party in interest, and it filed a Statement and Certificate of Lien in the amount of $3,472.60, dated March 17, 2006.[4] Both Phinney and Martin had provided equipment and materials for work on Gilman's property in 2005.[5]

Gilman was to begin sending her mortgage payments to Option One starting on March 1, 2006. Option One contends that it did not receive any payments on the loan after May 1, 2006. On June 5, 2006, Option One sent Gilman a notice of default and informed her how she could cure it. Because the default was not cured, Option One filed this action for foreclosure and sale in August 2006. It claims an amount due of $403,769.44 as of November 2006. Gilman responded, seeking dismissal of Option One's complaint.[6] Phinney also filed an answer seeking dismissal of the complaint for failure to state a claim upon which relief could be granted. Phinney claims that its lien has priority, and that Maine mechanic's lien law bars the claim because Option One knew of and consented to Gilman's home construction. Lastly, Phinney notes that the total amount of its lien is $41,200.05 as of the date of its affidavit.

Option One now moves for summary judgment. In its proposed judgment, it claims that it is the priority lien holder, followed by Martin and

---

[3] The certificate is also recorded in Cumberland County at Deed Book 23651, Page 10.
[4] This lien is recorded in Cumberland County at Deed Book 23767, Page 21.
[5] Phinney also brought a complaint for damages in the district court, which has been transferred to this Court and consolidated with this action as RE07-118.
[6] Gilman did not specify the basis upon which she sought dismissal, nor did she raise any affirmative defenses.

2

Phinney. Phinney and Martin both object, not to judgment generally, but to Option One's proposed judgment. They each contend that the mechanic's liens have priority over Option One's mortgage. Phinney submitted its own proposed judgment, with which Martin agrees, stating that the priority of lien holders is as follows: Martin, Phinney, and Option One.

## DISCUSSION

### 1. Summary Judgment Standard.

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

When contesting a party's statement of material facts, the opponent must provide support for its qualifications or denials by citing to the record. M.R. Civ. P. 56(h)(2). Failure to properly provide record citations gives this Court discretion to disregard the unsupported statements, and the Court is not required to evaluate parts of the record that are not specifically cited in the statement of material facts. M.R. Civ. P. 56(h)(4).

3

2.    Is Summary Judgment Warranted on the Foreclosure Claim?

A party may seek a court-ordered foreclosure by sale when a breach of condition in a mortgage has occurred. 14 M.R.S. § 6321 (2005). "The foreclosure statute provides that 'after hearing the court shall determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, *the order of priority and those amounts, if any, that may be due to other parties that may appear. . .' " Dept. of Agriculture, food & Rural Resources v. Ouellette*, 2007 ME 117, ¶ 11, __ A.2d __ (*quoting* 14 M.R.S. § 6322 (2006) (emphasis added*))*. If a judgment of foreclosure is entered, the debtor is entitled to a 90-day redemption period from the date of the judgment. *Id*. § 6322. Option One contends there are no genuine issues of material fact regarding Gilman's breach of conditions; therefore, it is entitled to a judgment of foreclosure. Its statement of material facts ("SMF") establishes how the loan came into existence, and sets forth the amount it claims is due. Option One's SMF cites to specific portions of the affidavit of Dory Goebel, its Assistant Secretary.[7]

Gilman filed a response which seems intended to serve both as a memorandum of law and as an opposition to the SMF. The majority of the filing contests Option One's SMF, but does not include record citations for the denials or qualifications it makes, which it terms "objections." Additionally, the response to the SMF improperly contains legal argument. Also, Gilman contends that Option One "is not the holder of the Note and Mortgage involved in this case and apparently was not at the time the case commenced," so it lacks

---

[7] Because she is custodian of Option One's records, Goebel's statements are deemed admissible as business records for purposes of this motion per M.R. Evid. 803(6).

4

standing to seek foreclosure. In her answer, however, Gilman did not raise the affirmative defense that Option One is not the mortgage holder and lacks standing to bring the foreclosure action. She is barred from raising the issue at this juncture.

As this Court will not consider the arguments and issues raised in Gilman's responsive filings, all of the facts in Option One's SMF are deemed admitted, including that Option One is the holder of the note and mortgage executed by Gilman in 2006 in the amount of $380,000, and that Gilman is in default because she failed to make payments after May 1, 2006. Thus, Option One has properly established its entitlement to foreclosure through its memorandum, SMF, and affidavit.

3.    Order of Priority of Lienholders.

Having determined that Option One is entitled to a judgment of foreclosure, this Court must determine the priority order of the three lien holders. Maine law provides that someone who, under a contract or with the owner's approval, provides materials and/or labor for building or improving a home has a mechanic's lien on the property. 10 M.R.S.A. § 3521 (2005). For a mechanic's lien to have priority over a mortgage, the mortgagee must "consent," or be aware of "the nature and extent of the work being performed on the mortgaged premises." *Gagnon's Hardware & Furniture, Inc. v. Michaud*, 1998 ME 265, ¶ 7, 721 A.2d 193, 194 (citing *Carey v. Boulette*, 158 Me. 204, 213, 182 A.2d 473, 478 (1962)).

In *Michaud*, the Law Court found that a bank, which had made a commercial loan to the defendant, did not know enough about the particulars of the project to have consented to the displacement of its mortgage in favor of a

5

hardware store's lien for supplying materials. *Id.* ¶ 8, 721 A.2d at 195. As the bank had not technically consented, the trial court correctly found that the bank's mortgage took priority over the mechanic's lien. *Id.* ¶ 10, 721 A.2d at 195.

Because the original lender allegedly knew about the construction they performed, Martin and Phinney argue that the mortgage became subordinate to their liens. It makes sense that the original lender, RMS, may have known about the work because it occurred prior to the execution of the note and mortgage. There is insufficient evidence in this record, however, to establish what RMS knew about the work performed by Martin and Phinney to give the mechanic's liens priority over the mortgage. The mechanic's liens exist as a result of contracts between Gilman and the two service providers, and it is unclear whether the lender was aware of and consented to those contracts, although it is undisputed that the mortgage was recorded before the liens. Whether RMS consented to the liens, giving them priority over its mortgage, is a genuine issue of material fact incapable of resolution at this stage. This Court orders that a hearing be scheduled to determine the order of priority and amount due to lienholders.


**The entry is:**

Plaintiff's Motion for Summary Judgment is DENIED pending damages hearing in consolidation with Phinney Lumber Co. v. Susan C. Gilman, et. al., RE-07-118.


DATE: September 5, 2007

_____
Roland A. Cole
Justice, Superior Court

6

JOHN GIFFUNE ESQ
PO BOX 586
PORTLAND ME 04112

*Residential Mort. Srv.*

THOMAS AINSWORTH ESQ
PO BOX 2412
SOUTH PORTLAND ME 04116

*Susan Grima*

MARCIA CORRADINI ESQ
PO BOX 4510
PORTLAND ME 04112

*Phinney Lumber Co*

Cummings Center, Bev-
erly, Massachusetts 01915

*Attn: John Doonan Esq*

**Doonan, Graves, and Longoria, LLC**
**Attn: Maine Foreclosure Dept.**
**100 Cummings Center, Suite 213C**
**Beverly, MA 01915**

*Plaintiff*